# W. W. VAN VLIET et als., Respondents, *v.* A. S. OLIN et als., Appellants.

A judgment not upon the merits is not a complete bar, nor can it be used as evidence in another action to establish the facts constituting the merits of the action in which it was rendered.

If the suit is discontinued or the plaintiff becomes non-suit, or for any other cause there has been no judgment of the Court upon the matter in issue, the proceedings are not conclusive.

The voluntary dismissal of an action by the plaintiff can settle no rights of property between him and the defendant, nor is it an admission of any right whatever in the defendant.

APPEAL from the District Court of the Second Judicial District, State of Nevada, Ormsby County, Hon. S. H. WRIGHT presiding.

*Atwater & Flandrau*, for Appellants.

*Clayton & Clark*, for Respondents.

Opinion by LEWIS, C. J., full Bench concurring.

Upon the trial of this cause, which was brought to quiet title to certain premises in the County of Ormsby, the plaintiffs introduced in evidence the records in an action of ejectment tried in one of the District Courts of the Territory, in August, A. D. 1862, in which the present defendants, A. S. Olin and Thomas J. Andrews were plaintiffs, and W. W. Van Vliet and Enos P. Tucker, the present plaintiffs, together with eight others, were defendants. It appears that before the action came on for trial, the plaintiffs, Olin and Andrews, dismissed it as to the present plaintiffs, Van Vliet and Tucker, but proceeded against the other defendants and obtained judgment against them.

The Court below in this case, treating the dismissal of that action as an admission of the title of Van Vliet and Tucker, and as a judgment upon the merits in their favor, charged the jury as follows :

"If you find from the proof before you that in the trial of any cause by a Court of competent jurisdiction, the plaintiffs in this suit, or their grantors, either by the confession of said

defendants or by the findings and judgment of said Court, obtained a judgment against the defendants A. S. Olin and Thomas J. Andrews, for the property in controversy, then, unless you find that the defendants A. S. Olin and Thomas J. Andrews have, since said judgment, acquired new rights and ownership in the premises paramount in law to the rights and title of the plaintiffs, you must find for the plaintiffs."

Had the plaintiffs in fact recovered a judgment on the merits in the action referred to, the instruction may have been correct; but as they did not, it was only calculated to lead the jury to the conclusion that the dismissal of that action constituted such judgment, and should therefore not have been given. The Court, in giving that instruction, must have considered the discontinuance of the action of ejectment as tantamount to a judgment on the merits in favor of Van Vliet and Tucker, and a complete adjudication of the title between the parties thereto up to the time of its disposition. This was not the case. A judgment not upon the merits is not a complete bar, nor can it be used as evidence in another action to establish the facts constituting the merits of the action in which it was rendered. "It is only where the point has been *determined*," says Greenleaf in his work on Evidence (vol. 1, sec. 529), "that the judgment is a bar. If the suit is discontinued or the plaintiff becomes nonsuit, or for any other cause there has been no judgment of the Court upon the matter in issue, the proceedings are not conclusive." As to the parties in this cause nothing whatever was determined in the action of ejectment, except that at the time it was discontinued Olin and Andrews did not wish to proceed against the present plaintiffs. It will not be seriously claimed by counsel that a voluntary dismissal of an action by the plaintiff determines it upon the merits in favor of the defendant. And yet this seems to have been the position taken in the Court below. The Court, therefore, not only erred in giving the foregoing instruction, but also in refusing to give the following at the request of the defendants:

"The judgment or order dismissing as to defendants Van Vliet and his associates, in the suit of Andrews and Olin against Stonecifer and his associates, and Van Vliet and his

associates, settled or determined no rights to the property in question as between the parties to that action or to the present one."

Nothing can be more obvious than that an order made on the plaintiff's own motion dismissing an action of ejectment can settle no rights of property between the parties thereto. This instruction should therefore have been given. Neither can the dismissal of an action be treated as an admission of any right or title in the defendants. It is itself an admission of nothing except that at the time the plaintiff does not wish to proceed against the defendant. The action of ejectment referred to may have been discontinued as to Van Vliet and Tucker, merely because the plaintiffs in that cause concluded that they should not have been joined with the other defendants, or they may have ascertained that they were not in fact in possession of the premises, or indeeed, for many other reasons which would in no wise be an admission of any right or title in the defendants, and it was error to treat it as such.

We find other errors in the instructions given to the jury, but as they will not be likely to occur again and this disposes of the appeal, we do not deem it necessary to pass upon them.

Judgment reversed and new trial ordered.