[No. 1176.]

EDMUND JAMES, Appellant, *v.* ALEXANDER LEPORT Respondent.

Appeal—Statement—Settlement of—Appeal Perfected before Statement Filed.—A party, having the right to appeal, may, within twenty days after the entry of the judgment or order, file his statement upon

appeal and have it settled by the judge, and within the time limited, jurisdiction of the case for that purpose is retained by the district court, even though the appeal be perfected before such a statement is prepared.

PARTIES—DISMISSAL OF A DEFENDANT—WHEN NOT A BAR TO FURTHER PROCEEDINGS.—The dismissal of a party defendant at the instance of plaintiff, before trial, in a case where no counter-claim has been made, is not a judgment upon the merits, and is not a bar to further proceedings against the dismissed defendant, upon the cause of action stated in the complaint.

JURISDICTION—TITLE TO REAL PROPERTY—DEMURRER.—The district court has jurisdiction of an action involving the question of title to real property. If the jurisdiction is irregularly acquired, objection upon this question cannot be raised by demurrer.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are sufficiently stated in the opinion.

*Robt. M. Clarke* and *N. Soderberg,* for Appellant:

I. The statement was filed in time. (1 Comp. L.1391, 1393; *Connor* v. *Morris,* 23 Cal. 447; *Rew* v. *Barber,* 2 Cow. 408;[1] *Witbeck* v. *Waine,* 8 How. Pr. 433; *Strong* v. *Hardenburgh,* 25 How. Pr. 438; *Warren* v. *Eddy,* 13 Abb. Pr. 28; *State* v. *Judge,* 11 La. Ann. 728.)

II. The court erred in refusing James permission to bring in Kirman as a defendant. (*Tonnelle* v. *Hall,* 3 Abb. Pr. 205; *Davis* v. *Mayor,* 2 Duer, 663; *Johnston* v. *Neville,* 68 N. C. 177; *Polk* v. *Coffin,* 9 Cal. 56; *Dixon* v. *Dixon,* 19 Iowa, 512; *Beals* v. *Cobb,* 51 Me. 348; *Settembre* v. *Putnam,* 30 Cal. 490; *Grain* v. *Aldrich,* 38 Cal. 514;[2] *Sturtevant* v. *Brewer,* 17 How. Pr. 571.)

*A. C. Ellis,* for Respondent:

I. The statute contemplates that the preparation, filing, and settlement of the statement shall precede the appeal.

III. After the complaint *was* amended and verified and filed, it took the place of all preceding complaints, and became *the complaint* in the action, and the defendant's right to demur thereto for any valid reason is undeniable. (*Gilman* v. *Cosgrove,* 22 Cal. 356; *Jones* v. *Frost,* 28 Id. 246; *Barber* v. *Reynolds,* 33 Id. 497; *Elder* v. *Spinks,* 53 Id. 293; *Kelly* v. *McKibben,* 54 Id. 193; *Kentfield* v. *Hayes,* 57 Id. 411; *Thompson* v. *Johnson,* 60 Id. 292; *McFadden* v. *Ellsworth M. & M. Co.,* 8 Nev. 57.)

1  14 Am. Dec. 515.          2  99 Am. Dec. 423.

IV. The dismissal of Kirman was fatal to plaintiff's case. (*Cal. State T. C.* v. *Patterson*, 1 Nev. 150;. *Merritt* v. *Campbell*, 47 Cal. 542.)

By the Court, BELKNAP, C. J.:

1. The appeal having been perfected, appellant afterwards prepared and filed in the court below the statement upon appeal, and the same was settled and allowed by the district judge. Respondent has entered his written objection to the hearing of the cause upon the merits, and urges that the statement upon appeal be disregarded upon the ground that it was filed with the clerk and settled by the judge after the district court had lost jurisdiction of the cause by the perfecting of the appeal. Section 1391, Comp. Laws, fixes the various periods of time within which appeals shall be taken, varying in length from sixty days to one year from the time of the rendition of the order or judgment. Section 1393, Comp. Laws, provides that within twenty days after the entry of a judgment or order against a party having the right to appeal, he may file his statement upon appeal with the clerk of the court, and if no amendments be proposed, it may thereafter be presented to the judge for settlement without notice to the opposite party.

The right to have a statement of the case annexed to the record of the judgment or order is not made to depend, in terms at least, upon the fact whether an appeal has been taken. It is absolutely awarded to the party having the right to appeal, but must be exercised within the time limited by the statute, and jurisdiction of the case for this purpose is retained by the district court. A contrary construction would abridge the time within which the statement may be prepared, in cases depending upon facts similar to those of this case, and would ingraft in the law a condition which the legislature did not expressly introduce, and may never have intended.

The case of *Flynn* v. *Cottle*, 47 Cal. 527, decided under a similar statute, supports this conclusion we have reached.

2. The last-amended complaint, filed on the twenty-third day of November, 1882, states a cause of action for breach of covenant in a warranty deed, made jointly by defendant and Richard Kirman. Kirman was not a party to the action at the time the pleading was filed, and as he had been made a

defendant without leave of court, the complaint was stricken out upon motion. Afterwards it was amended, by stipulation, by striking Kirman's name therefrom as a defendant, and an order of court asked making him a party. The motion was overruled. Thereafter defendant demurred to the complaint, upon the ground of non-joinder of parties defendant, it appearing from the complaint that Kirman was a necessary party defendant. The demurrer was sustained. Plaintiff failed to amend his complaint, and judgment was entered against him.

The complaint was obnoxious to the demurrer. Plaintiff had, however, endeavored to cure the defect by asking for an order making Kirman a defendant. The refusal of the court to make the order is sought to be sustained upon the ground that, at an early stage of the case, Kirman was, with Leport, a defendant to the action, and upon motion of plaintiff was dismissed. It is claimed that the dismissal operated as a *retraxit* as to Kirman, and that the judgment resulting therefrom is a bar to further proceedings upon the cause of action stated in the complaint. Section 151 of the practice act (1 Comp. L. 1212) provides, among other things, as follows: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: *First*—By the plaintiff himself, at any time before trial, upon the payment of costs, if a counterclaim has not been made. * * *" Here follow four other subdivisions relating to judgments of nonsuit and dismissal, not necessary to be particularly noticed, because the case in hand does not fall within their conditions, and the section concludes as follows: "In every other case the judgment shall be rendered upon the merits." The judgment ordered falls within the provisions of the first subdivision of the above section. It was rendered upon motion of the plaintiff, and, as said by counsel for respondent, "as matter of law there followed a judgment in favor of Kirman in this particular case for costs." The judgment was, by the express terms of the statute, not upon the merits, and is not a bar to further proceedings. (*Van Vliet* v. *Olin*, 1 Nev. 495.)

3. Again, it is claimed that the judgment in favor of respondent ought not to be disturbed, because it is said it is correct, even though based upon the wrong ground; and, in support of this view, respondent contends that the district

court had no jurisdiction to try the case made by the pleadings, and that respondent, therefore, should have recovered the judgment for costs which was rendered in his favor. The action was commenced in justice's court. The cause of action, as crudely stated in that court, was to recover sixty dollars, overpaid upon purchase of house lot, and fifty dollars damages arising therefrom. During the trial of the cause before the justice, it appeared that the determination of the action necessarily involved questions of title to real property, and thereupon he certified the cause to the district court. In that court the complaint was amended so as to change the cause of action. No reason has been suggested to us showing a want of jurisdiction in the district court to try the issue made. The court had jurisdiction of the parties. The action involved the question of title to real property—a subject-matter within the jurisdiction of the district court, and not within the jurisdiction of the justice of the peace. It may be that the jurisdiction was irregularly acquired, and that the amended complaint, which first contained the changed cause of action, should have been stricken out upon motion seasonably made. The point was raised by demurrer. We think that defects of this nature cannot be reached in this way, because the defect complained of does not fall within any of the grounds for demurrer enumerated by the practice act. (1 Comp. Laws, 1103.)

There has been no discussion of the question whether, under the provisions of the practice act, a plaintiff may amend his complaint by setting forth a new cause of action, and upon this subject we express no opinion.

It is ordered that the judgment of the district court be reversed, and the cause be remanded.