## NORMAN v. HOPE ET AL.

September 23, 1837.

*Motion for leave to enter a nolle prosequi.*

1. Where an action is brought on a promissory note against A. & B. trading as A. & Co., and it appears that A. & B. are not in partnership, but that B. sometimes traded under the name of A. & Co., always on his own separate dealings, and gave the note on his own separate account, the plaintiff may enter a *nolle prosequi* as to A., and proceed to judgment against B.

2. Where there are more defendants than there ought to be, the plaintiff may enter a *nolle prosequi* if no injury can be done to any of the defendants, as where no question of contribution is involved, or as in the cases of coverture or bankruptcy.

3. If a question of contribution among the defendants, or of any of their rights, be involved, *nolle prosequi* will not be allowed, but the plaintiff will be nonsuited on the trial.

THIS was an action brought by Benjamin M. Norman and others against " Joseph Hope and Alexander Panormo, late trading as Joseph Hope and Company," to June term, 1837, 1476, on a promissory note, of which the plaintiffs filed a copy in the following words:

" Philadelphia, April 3d, 1837.

Three months after date, we promise to pay to the order of

[Norman v. Hope et al.]

Norman & Steel one hundred and fifty dollars, without defalcation, for value received.

$150                                   JOSEPH HOPE & CO."

The following affidavit of defence was filed:

"Alexander Panormo, one of the above named defendants, being duly sworn, says, that the said defendants have a just and legal defence against the whole of the plaintiffs' demand in the above action, the nature and character of which are as follows, viz.: that the said defendants never contracted jointly with the said plaintiffs in any way whatsoever, nor had any dealings with them jointly on any account, and that no partnership ever existed between the said defendants at any time, and that the note, the copy of which is filed, in this action is the separate note of this deponent, who on his own separate account carried on business, and sometimes signed promissory notes with the name of the firm of Joseph Hope & Co., but such notes were always for his own separate dealings, which was as he believes well known to the plaintiffs."

The plaintiff moved for leave to enter a *nolle prosequi* as to Joseph Hope, and to move for a judgment against Alexander Panormo for want of a sufficient affidavit of defence.

*Heiskell*, for plaintiff.
*Ingraham*, for defendants.

PETTIT, *President.*—Though the cases do not entirely agree, yet the true principle to be extracted from them, is that where more persons are named as defendants than the proper number, a *nolle prosequi* may be entered as to some, where no possible injury can be done to any of the defendants by it—as where no question of contribution is involved. But where such a question is involved, the plaintiff will be nonsuited on the trial. A *nolle prosequi* may be entered as to married women, or bankrupts, there being a personal incapacity, and no ground for a question of contribution. See Moss *v.* Ingham, 1 *Wilson* 89. The principle applies in this case.

Leave given.