## EMMONS ET AL. *v.* MEEKER.

PROMISSORY NOTE.—*Date.*—*Principal and Surety.*—*Authority to fill Blanks.*— Where a promissory note, perfect in all its parts except that the date thereof is left blank, is signed by the makers as principal and surety, and entrusted by the latter to the former, for delivery to the payee, such principal has an implied authority to fill such blank by inserting therein the true date of its execution, but he has no authority to insert a date prior to the true one; nor has such payee, if he have knowledge of the true date of its execution and of the signing by such surety, as such, a right to accept such note with knowledge that such false date has been inserted in such blank.

SAME.—*Alteration.*—*Pleading.*—A verified plea, by a codefendant in an action upon a promissory note, alleging that he had executed the same as surety only, and that since he had *signed* the same, it had been altered by inserting a false date, prior in point of time to the true one, but not alleging that such alteration had been made since the delivery of said note, nor that it had been done with the knowledge of the payee, is insufficient on demurrer.

SAME.—*Continuance.*—*Affidavit.*—In an action upon a promissory note, where issue was made by one defendant, as surety, by a verified denial of its execution, he asked a continuance of the cause, upon his affidavit, alleging the absence of a witness by whom he could prove, that, after he had

signed such note, while it was in the possession of his codefendant, the principal, the latter, in the absence of the affiant, but in the presence of the payee, caused a false date, prior to the true one, to be inserted in a blank left for the date, and had then delivered the same to the payee.

*Held,* that such facts were material to the issues in the cause, and that a continuance should have been granted.

SUPREME COURT.—*Practice.—Harmless Error.—*Error, in sustaining a demurrer to a good paragraph of a pleading, is not available on appeal to the Supreme Court, if the matters therein alleged could have been given in evidence under a remaining paragraph.

From the Fountain Circuit Court.

*M. Milford,* for appellants.

*L. Nebeker* and *S. M. Cambern,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellants and one William W. Ennis, administrator, etc., of Elkanah Clark, deceased, as defendants, in the court below, upon a promissory note, of which the following is a copy:

"$1,100.                    ATTICA, September 19th, 1873.

"Twelve months after date, we promise to pay to the order of Usual H. Meeker, eleven hundred dollars, value received, with ten per cent. interest from date until paid, without any relief whatever from valuation or appraisement laws. If this note is not paid at maturity, the undersigned agree to pay expenses of collection, including attorney's fees. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed)                           " E. CLARK,
                                   " JOHN G. EMMONS,
                                   " T. ODELL."

The appellee's complaint alleged, in substance, that the appellants and said Elkanah Clark, in his lifetime, by said note, on September 19th, 1876, promised to pay the appellee eleven hundred dollars, and attorney fees in case of suit, which remained unpaid, and a copy of said note was filed with said complaint; that said Elkanah Clark died on the — day of ——, 187-, and said William

W. Ennis was, on May 25th, 1874, duly appointed administrator of said decedent's estate, by the court below, and entered upon the execution of his said trust; and appellee prayed judgment for one thousand five hundred dollars, including a fee of one hundred and fifty dollars for his attorneys, and for all proper relief.

Each of the appellants separately answered, in three paragraphs, the appellee's complaint; but as the matters stated in the answers of both the appellants are substantially the same, we will set out the answers of only one of the appellants.

The first paragraph of each of the said answers was a general denial of each and every allegation of appellee's complaint.

In the second paragraph of his answer, each appellant alleged, in substance, that the said supposed writing obligatory, to wit, the note described in appellee's complaint, was not his, the appellant's, deed, and of this he put himself upon the country, and prayed judgment for costs.

In the third paragraph of his answer, each appellant alleged, in substance, that he signed the instrument declared on in appellee's complaint, before the same was altered as shown in said paragraph, as surety; that the appellant signed said instrument in the month of March, 1874; that since the appellant signed said instrument, the same had been materially altered, without appellant's knowledge or consent, in this, to wit, the following words and figures had been placed in said instrument, to wit: "September 19th, 1873;" and the appellant prayed judgment for costs.

The second and third paragraphs of each answer were duly verified by the oath of each appellant,—each verifying the said paragraphs of his own separate answer.

The appellee demurred separately to each of the second and third paragraphs of each answer, which demurrers were severally overruled as to each second paragraph, and severally sustained as to each third paragraph, and

to the latter decisions each appellant excepted. The appellee then replied, although this was unnecessary, to the second paragraph of each of said answers, in denial thereof.

There was a judgment by default against the said Ennis, administrator, etc., of said Elkanah Clark, deceased, for the amount due on the note and attorney fees.

The issues joined between the appellee and the appellants were tried by the court below, without a jury, and the court found for the appellee and against the appellants, for the amount of the note, interest and attorney fees, and judgment was rendered accordingly.

Each of the appellants, upon written causes filed, moved the court below for a new trial; and each motion was overruled by the court, and to these decisions the appellants severally excepted. The evidence on the trial is properly in the record.

In this court, the appellants again severed in their assignments of errors; but as each appellant's alleged errors present precisely the same questions, we will consider them together. The alleged errors were as follows:

1st. The court below erred in sustaining appellee's demurrer to the third paragraphs of the appellants' answers;

2d. The court below erred in overruling appellants' motion for a continuance, upon their affidavit filed, for an absent witness; and,

3d. The court erred in overruling appellants' motion for a new trial.

These alleged errors we will consider, and decide the questions thereby presented, in their enumerated order.

1st. The third paragraph of each of the appellants' answers appears to have been cautiously worded. It is not averred in either of said paragraphs, that the alleged alteration of the note in suit was made after the delivery thereof to the appellee, or with his knowledge or consent.

We think, that the court below committed no error in

sustaining the appellee's demurrer to the third paragraph of each answer. If we were wrong in this conclusion, it is very certain that the decision of the court below, sustaining appellee's demurrer to these paragraphs, did not injure the appellants in this case; for all the facts alleged in said paragraphs, or which could have been given in evidence thereunder, were or might have been properly given in evidence under the second paragraph of each appellant's answer.

2d. The second error complained of by the appellants is, that the court below erred in overruling their application for a continuance of the cause, on account of the absence of an alleged material witness. The appellants' affidavit for a continuance, and the decision of the court below thereon, are properly in the record by the bill of exceptions. The decision of the court below, on their application for a continuance, was also assigned, by each of the appellants, as one of the causes for a new trial, in his motion for such new trial. The question is therefore fairly presented for our decision, did the court below err in refusing the appellants a continuance?

In considering this question, it may be remarked, that the affidavit for the continuance was sufficient, in every particular, to entitle the appellants to a continuance, if the facts set out in the affidavit as the facts which they believed the absent witness would prove were material to the issues joined in the cause. These facts were stated in the affidavit as follows:

"That Elkanah Clark, one of the signers of the note in suit herein and principal thereon, but who is now deceased, came to the office of the said Poole," [the absent witness] "in the city of Attica, Fountain county, Indiana, some time in the month of March, 1874; that, at that time, at the request of the said Clark, he, the said Poole, filled up a blank promissory note, to wit, the note described and declared on in the complaint in this action, by writing all that part which now appears in said note

in writing, except the date; that he, the said Poole, was requested by the said Clark not to place any date in the said note; that he, Poole, thereupon handed the note to said Clark, undated, who carried it away out of the said office of the said Poole; that in a few days afterwards the said Clark brought the said note back to the said Poole, signed by the said Clark, and signed by the defendants Emmons and Odell; that said Usual H. Meeker, of Fountain county, Indiana, and plaintiff herein, was then present; that the said Clark handed the note so signed, as aforesaid, to the said Poole, and directed the said Poole to insert the date; that the said Poole took the note and was about to insert the date then present, but the said Clark told him to date it back,—to date it September 19th, 1873, which the said Poole accordingly did."

In our opinion, the facts above recited were material to the issues joined in this action, and if proved as recited, by a credible witness, they might have had, and very possibly would have had, great weight in the proper decision of this cause. It is the law that, ordinarily, where a person signs his name to a blank note and then entrusts it to another party for delivery or negotiation, the former thereby clothes the latter with an implied authority, which he is estopped from denying, to so fill up the blanks as he may choose, in order to make it a complete note. *Spitler* v. *James*, 32 Ind. 202. But this law has its exceptions and reasonable limitations; and especially is this so between the parties to the note, who are fully cognizant of the facts in relation to the execution of the note. In this case, all the blanks in the note were filled up, except the blank for the date, when the appellants signed the note and entrusted it to the principal therein for delivery. Undoubtedly the appellants, by entrusting the note to Clark, with a blank for the date unfilled, thereby authorized him to fill such blank with the true date of the execution of the note. As between the appellants and Clark, that was all that Clark was

authorized to do in the premises,—to fill the blank for a date with the true date of the execution of the note. Of course, we are speaking only of the authority implied by and from the blank space for a date left in the note, for it is not pretended that Clark had any express authority from the appellants to fill any blank in said note. As between the appellants and the appellee, if it be true, as claimed, that appellee was cognizant of the blank in the date of the note, at the time it was signed by the appellants, he had no right to rely upon any merely implied authority to Clark, to fill up the blank for a date with any other date than the true date of the execution of said note. If it be true, as claimed by the appellants, that the appellee knew, at the time the note was delivered to and accepted by him, that the note had been executed by the appellants, as sureties only, in the then month of March, 1874, payable one year after date, and that the date was a blank when the appellants executed the note, then the appellee had no right to believe, or to rely upon such belief, that Clark was impliedly authorized to fill the blank in the date of the note with any other date than the true date of the execution of said note, or that such implied authority would enable Clark to so fill in the blank for a date as to make a note, which, on its face, was payable one year after date, to be payable, in fact, six months after the date of its execution. For if, in this case, from the facts alleged to exist, it can be correctly said that the appellants impliedly authorized Clark to fill the blank with any other date than the date on which the note was executed, then it must be said that he was in like manner authorized to antedate or postdate the execution of the note, without limit as to time, to suit his own purposes. In our opinion, the appellants did not give Clark any such implied authority, by merely entrusting him with the note for delivery, without the blank for the date of the note having been filled. If the appellee received the note for value, without notice of the fact that it had been ante-

dated by Clark, after its execution by the appellants, then the latter might be bound by the act of Clark, even if he had no authority from them to antedate the note. But if the appellee, at the time he received the note, had knowledge of the fact, that, after its execution by the appellants, in March, 1874, in their absence, and very probably without their knowledge or consent, the note had been dated back, by Clark's direction, to September 19th, 1873, we think that these facts would have been material to the issues joined in this action, and that, if proved on the trial, they ought to have been, and no doubt would have been, entitled to great weight in the proper decision of this cause. We do not decide that these facts, if proved, would entitle the appellants to a decision in their favor, for possibly these facts, if proved, might be controlled by other facts and circumstances in connection with this transaction.

All that we decide is, that, in our opinion, enough was shown in appellants' affidavit to entitle them to a continuance, and that such continuance was apparently necessary to a full and fair trial of this action.

The view which we have taken of this question renders it unnecessary for us to consider the third alleged error. We think that the court below erred in overruling the appellants' motion for a continuance of this cause, and for this error, the judgment of that court is reversed, as to the appellants, at the cost of the appellee.

The cause is remanded, with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

Biddle, J., dissents, holding that the affidavit was insufficient to authorize a continuance, for reasons shown in the case of *Emmons* v. *Carpenter, post,* p. 329, decided at the present term.