# SEARS *v.* McGREW.

SEVERAL JUDGMENT AGAINST JOINT DEBTORS.—When the action is upon a contract, joint and several, a several judgment would be proper, as the defendants might have been sued alone in such case; therefore judgment might be rendered against one or more, without waiting the final trial.

APPEAL from Polk County. The facts are given in the opinion.

*Warren Truitt and J. J. Daly*, for appellant.

*Holmes & Thayer*, for respondent.

By the Court, LORD, C. J.:

This was an action against the defendants on two joint and several promissory notes. It came before the court below on the demurrer of the defendants, and when called for argument the demurrer was withdrawn as to all the defendants, the defendant McGrew only asking leave to answer, which was allowed by the court, and the other defendants refusing to plead further, it was ordered by the court that judgment be entered against said defendants, and judgment was rendered accordingly, that the plaintiff have and recover of and from said defendants, George W. Clark and James R. Crowley, severally, the sum, etc. The defendant McGrew answered in pursuance of his leave, and at the same term moved a continuance of the cause, which was allowed by the court. Subsequently, and at the May term, the cause coming on to be heard, the defendant McGrew asked leave to amend his answer, which was granted.

The only difference made by the amended answer was that he supplemented the former answer by pleading the judgment against the defendants Clark and Crowley, in bar of the action. This defense was demurred to and the demurrer was sustained by the court, and this is the assignment of error.

The only question to be determined is, can a judgment be properly rendered against one or more of several defendants, and the action be allowed to proceed as to the others? Before the code, when the contract was joint and several, the plaintiff was bound to prosecute each party separately, or all together. Since the code, he can proceed against one or more, or less than the whole number. Our code provides when the action is against two or more defendants, (sec. 59, sub. 3,) that if all the defendants have been served, judgment may be taken against any, or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them, or any of them alone; and it is provided in section 241 that judgment may be given for or against one or more of several plaintiffs, etc., and also in section 242, in an action against several defendants, the court may, in its discretion, render judgment against one or more of them whenever a several judgment is proper, leaving the action to proceed against the others. The complaint in this case, as was said in *Decker* v. *Trelling et al.*, 24 Wis., 613, sufficiently states the facts out of which the liability of the defendants arose, and although it was in a form adapted to a recovery against all the makers of the note jointly, it was still so framed that a several judgment could properly be had upon it against one or more of them. It alleged that the defendants made their joint and several promissory note in writing, which note was set out in *haec verba*, and attended with suitable

averments to show that the plaintiff was entitled to judgment.

Now, under the sections above referred to, judgment may be entered against any one or more of several defendants whenever a several action might have been brought, or a several judgment upon the facts of the case would be proper, and this is allowable irrespective of the character of the complaint, whether it alleges a joint or several liability. The true criterion being whether a separate action might have been maintained, and if it could, a several and separate judgment is proper. (*Harrington* v. *Highman*, 15 Barb., 528; *Van Ness* v. *Corkins*, 12 Wis., 209.)

But if the action is upon a contract joint and several, a several judgment would be proper, as the defendant might have been sued alone, therefore judgment might be rendered against one or more without awaiting the final trial. (*Hempy* v. *Ramson*, 33 Ohio St., 313; *Smith, Twogood & Co.* v. *Cooper and Clarke*, 9 Iowa R., 378.)

In *Hempy* v. *Ramson, supra,* the result reached by the court was: "1. That in an action against two or more defendants where it appears that a several judgment is proper, it may in the discretion of the court, be taken against one or more, leaving the action to proceed as to the others. 2. That such separate judgment against one or more, operates as a severance of the cause of action, and after such judgment the issues made by the remaining defendants are to be heard and determined as if they had been sued alone. 3. On such final trial a judgment may be rendered against the remaining defendant for the whole, or such part of the cause of action as may be proved against him." And in *Smith, Twogood & Co.* v. *Cooper and Clark, supra,* the court say that "judgment may be rendered against one of the makers of a joint and several promissory note; that the cause

may be continued as to the others, and that such judgment will not bar the plaintiff's right to recover against the other parties when the cause is ripe for disposition as to them."

The doctrine of merger and of the release of one of the makers of a note by taking judgment against the other, has no application to cases of this character under our statute. Nor do the New York cases cited hold any contrary rule. It is sufficient to say that the case of *Stearns* v. *Aguene*, 6 Cal., 176, relied upon by the appellant, was overruled in *Lewis* v. *Clarkin*, *et al.*, 18 Cal., 400. The judgment of the court below is affirmed.

Judgment affirmed.