[Filed June 21, 1892.]

## W. J. HAMM v. P. BASCHE ET AL.

JOINT ACTION—SEVERAL JUDGMENT.— Where a plaintiff proceeds against several defendants jointly, he may dismiss the action as to some of them, and prosecute it to final judgment against the others, in any case where a separate action might have been maintained.

Baker county: M. D. CLIFFORD, Judge.

Plaintiff appeals.   Reversed.

This is an action commenced by the plaintiff against the defendants to recover for work, labor, and services, alleged to have been performed by plaintiff and his assignors for the defendants in the construction of what is known as the "Seven Devils wagon road," amounting to eight hundred and four dollars and eighty-seven cents and interest. The plaintiff, by his complaint, which is made up of seven distinct causes of action, alleges an indebtedness to him from the defendants on account of certain work, labor, and services, performed by himself and assignors, in the sum of eight hundred and four dollars and eighty-seven cents and interest.

The defendants by their several separate answers deny specifically all the allegations of plaintiff's complaint, except those which allege the assignment to plaintiff of the several claims set up in his complaint, and specifically deny that the plaintiff ever performed any services for the defend-

ants, or either them, and they deny that either of the plaintiff's assignors ever performed any services for them, or either of them; and they deny that they, or either of them, promised to pay, etc.

By way of separate defense, they allege that it was agreed and understood, both with the plaintiff and his assignors, that the defendants were not to be responsible for any sum of money whatever in payment for said services; that said work, labor, and services were so performed by the plaintiff and his assignors under said agreement and understanding; and that said work, labor, and services were not done at the request of the defendants, or either of them, and were in no manner for their benefit. The reply puts in issue the new matter contained in the separate answers of the defendants P. Basche, C. W. James, C. H. Duncan, and R. D. Carter.

The plaintiff then dismissed his action as to the defendants G. B. Moulton and R. D. Carter, whereupon the remaining defendants obtained leave of court to file a supplemental answer in which it is alleged that the plaintiff, after the filing of the defendants' answer, and after plaintiff filed his reply thereto, and before the cause was called for trial, and before the trial was commenced, did dismiss said action, and refuse to further proceed therein as to the defendants Moulton and Carter, and prayed that the action be also dismissed as to the other defendants. The plaintiff moved to strike out said supplemental answer, for the reason the same was frivolous and irrelevant; which motion the court refused. He then demurred to the same for the reason the facts stated therein did not constitute a defense to plaintiff's complaint, which demurrer was also overruled. The plaintiff declining to plead further, on motion of the defendants, the court dismissed the action, and rendered judgment in favor of the plaintiff for costs, from which judgment he has brought this appeal.

*Williams & Smith,* for Appellant.

A supplemental answer, under section 107, Hill's Code, is not a waiver of all former pleas not inconsistent with it. (*Hamlin* v. *Kinney,* 2 Or. 91; *Medbury* v. *Swan,* 46 N. Y. 200.)

A supplemental complaint is not a substitute for the original complaint by which such former pleading is superseded; but it is a further complaint, and assumes that the original complaint is to stand. The same rule applies to supplemental answers. (*Dann* v. *Baker,* 12 How. Pr. 521; 2 Wait A. & D. 472.)

Unless the court compels the party applying for leave to file a supplemental pleading to elect to substitute it in the place of the previous one, both pleadings will remain. (*Brown* v. *Richardson,* 4 Rob. 603; *Slauson* v. *Englehart,* 34 Barb. 198.)

A supplemental pleading is governed by all the rules applicable to an original pleading. If it is insufficient as a pleading, it is subject to demurrer. (*Goddard* v. *Benson,* 15 Abb. 191.)

Under sections 60, 244, and 245, Hill's Code, a several judgment is allowable, irrespective of the character of the complaint, whether it alleges a joint or several liability. (*Sears* v. *McGrew,* 10 Or. 50; *Harrington* v. *Higham,* 15 Barb. 528; *Van Ness* v. *Corkins,* 12 Wis. 186.)

The common law rule, that the plaintiff is bound to establish a cause of action against all who are sued jointly, has been changed in Oregon. The rule here is to allow a judgment to be taken against the party or parties shown to be liable, when others are not liable. (*Ah Lep* v. *Gong Choy,* 13 Or. 214; *Fisk* v. *Henarie,* 14 Or. 33.)

Where two or more are sued on a joint contract, judgment may be entered against one only, if the proof be that one only is liable. (*Lewis* v. *Clarkin,* 18 Cal. 400; *People* v. *Frisbie,* 18 Cal. 402; *Tay* v. *Hawley,* 39 Cal. 95; *S'oddard* v. *Van Dyke,* 12 Cal. 438; *Mulliken* v. *Hull,* 5 Cal. 246.)

When one or more of the individuals sued jointly is not liable, the plaintiff may dismiss his action against those who are not liable and take judgment against those who are shown to be liable. (*Silvers* v. *Foster,* 9 Kan. 57; *Alvey* v. *Wilson,* 9 Kan. 404; *Whittenhall* v. *Korber,* 12 Kan. 620; *Stevens* v. *Thompson,* 5. Kan. 308.)

The action not having been brought to trial, and none of the defendants having filed a counter-claim, the plaintiff had a right, under subdivision 1, section 246, Hill's Code, to dismiss the action as to all or any of the defendants. (*Dimick* v. *Deringer,* 32 Cal. 490; *Reed* v. *Calderwood,* 22 Cal. 464.)

The plaintiff may enter a *nolle prosequi* as to any or all of the defendants, in an action upon contract, at any time before final judgment. (*Governor* v. *Welch,* 3 Ired. 249; *Norman* v. *Hope,* 2 Miles, 142.)

In an action against several on a joint contract, the plaintiff may confess the matter pleaded separately by one in bar as to him, and enter a *nolle prosequi* as to him, and proceed to judgment against the others. (*Link* v. *Allen,* 1 Heisk. 318; *Hallett* v. *Allaire,* Minor (Ala.), 360.)

The dismissal as to Moulton and Carter did not operate as a *retraxit* as to them, nor was a judgment in their favor a bar to further proceedings against them on the causes of action set up in the complaint. (*James* v. *Leport,* 19 Nev. 174.)

The remaining defendants had no concern with the nonsuit granted to the defendants Moulton and Carter. (*Ahern* v. *McGeary,* 79 Cal. 44.) A discontinuance of an action as to one of several defendants does not operate to discontinue it as to the others. (*Montgomery G. L. Co.* v. *Montgomery & E. Ry. Co.* 86 Ala. 372; *Stoddard* v. *Van Dyke,* 12 Cal. 438; *Acquital* v. *Crowell,* 1 Cal. 191.)

The court may, at any time before the cause is submitted, allow a pleading or proceeding to be amended by striking out the name of any party, or by correcting a mistake in

the name of a party, etc. (Hill's Code, § 101; *Tormey* v. *Pierce*, 49 Cal. 306.)

The exercise of the power to allow amendments is within the sound discretion of the court. (*Hexter* v. *Schneider*, 14 Or. 185.)

The right of amendment is unlimited under such restrictions as to costs as the court may prescribe. (1 Am. & Eng. Ency. Law, 547; *Roland* v. *Kreyenhagen*, 18 Cal. 455.)

The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party. (Hill's Code, § 106; *Henderson* v. *Morris*, 5 Or. 28.)

The above rule is most beneficial, and the courts believe in construing it liberally. (*Began* v. *O'Reilly*, 32 Cal. 11.)

*Hyde & Johns, F. L. Moore,* and *J. L. Rand,* for Respondents.

Where two or more are sued jointly, *ex contractu*, the recovery must be against all or none of the defendants. (*Brown* v. *Little*, 27 Ill. App. 389.).

A release of one joint debtor releases all, unless the instrument shows a contrary intention. (*Yates* v. *Donaldson*, 5 Md. 389; 61 Am. Dec. 282; *Wiggin* v. *Tudor*, 23 Pick. 434; *Goodnow* v. *Smith*, 18 Pick. 414; S. C. 29 Am. Dec. 600; *Pond* v. *Williams*, 1 Gray, 636; *Hale* v. *Spaulding*, 145 Mass. 482; 1 Am. St. Rep. 476.)

STRAHAN, C. J.—The ruling of the court below seems to have been based upon the theory that the plaintiff, having declared upon a joint liability against all of the defendants, and having voluntarily dismissed his action as to two of them, he was precluded from proceeding to judgment against the others. In this view the court erred. Section 244, Hill's Code, provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants"; and section 245 provides: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them,

whenever a several judgment is proper, leaving the action to proceed against the others." In *Sears* v. *McGrew*, 10 Or. 48, this court considered the effect of these sections; and in disposing of them the court, by LORD, J., said: "Now, under the sections above referred to, judgment may be entered against any one or more of several defendants, whenever a several action might have been brought, or a several judgment upon the facts of the case would be proper; and this is allowable irrespective of the character of the complaint, whether it allege a joint or several liability; the true criterion being whether a separate action might have been maintained; and if it could, a several and separate judgment is proper."

This question was again before this court in *Ah Lep* v. *Gong Choy*, 13 Or. 205. In passing upon that point, the court said: "The appellant's counsel seemed to be of the opinion that the judgment could not be upheld as to one of the defendants, in an action upon a joint contract, unless it could be as to both. That formerly was the law. If a plaintiff commenced an action against two or more defendants upon a joint obligation, he was compelled to establish a joint cause of action against all, except when some of the contracting parties were under a disability; but the code has changed the rule by allowing a judgment to be taken against the party or parties shown to be liable, when the others are not liable." Now, there is nothing in the supplemental answer to show that the two defendants who were dismissed from the action were jointly liable with the others. Their answers denied their liability, which cast upon the plaintiff the burden of establishing such liability by a preponderance of the evidence. By their dismissal, the plaintiff confessed he was unable to establish such liability, and that is as much as can properly be claimed for the fact of dismissal. The case of *Fisk* v. *Henarie*, 14 Or. 29, has no application to the facts of this case. Under a statute identical or in substance the same as ours, the courts

of last resort in the states where the question has arisen, have decided in the same way that was held by this court. (*Sears* v. *McGrew,* and *Ah Lep* v. *Gong Choy, supra; Silvers* v. *Foster,* 9 Kan. 56; *Lewis* v. *Clarkin,* 18 Cal. 399; *Link* v. *Allen,* 1 Heisk. 318; *Norman* v. *Hope,* 2 Miles, 142; *James* v. *Leport,* 19 Nev. 174; *Brumskill* v. *James,* 11 N. Y. 294; *People* v. *Cram,* 8 How. Pr. 151; *Claflin* v. *Butterly,* 2 Abb. Pr. 446; *Van Ness* v. *Corkins,* 12 Wis. 186.)

We are, therefore, of the opinion that the court below erred in overruling the demurrer to the supplemental answer and in dismissing the action; and that the judgment must be reversed, and the cause remanded to that court for such further proceedings as may be proper not inconsistent with this opinion.