## COX v. ALEXANDER.
(46 Pac. 794.)

1. Appeal from Joint and Several Judgment.—Any one of several defendants against whom a joint and several judgment has been rendered may appeal therefrom, even though he be one of a copartnership, and the firm does not appeal. The rule laid down in *Simpson* v. *Prather*, 5 Or. 86; and *Hamm* v. *Basche*, 22 Or. 513, followed.

2. Attorney's Fees in Note—Province of Jury.—In an action on a note providing for reasonable attorney's fees, in which defendant

raises an issue as to the reasonableness of the amount claimed, not only must there be testimony to determine the question *(Bradt-feldt* v. *Cooke,* 27 Or. 194, cited), but such testimony must be presented to the jury, and it is their right to determine that as they do other disputed questions of fact, so that the court cannot include in a judgment an allowance for attorney's fees, where the jury did not fix the amount by their verdict. A court cannot thus render a special verdict on one of the disputed issues, while the jury determines the other issues: *Fiore* v. *Ladd,* 29 Or. 528, approved and followed.

3. FILLING BLANKS IN PROMISSORY NOTE—ALTERATION OF INSTRU-MENT.\*—The delivery of a negotiable promissory note with a blank left for the name of the payee or the place of payment confers implied authority upon a bona fide holder thereof to fill in the blanks, without the special consent of the maker; and such additions to a note are not a material alteration of the instrument: *Thompson* v. *Rathbun,* 18 Or. 202, cited and applied.

From Multnomah:  E. D. SHATTUCK, Judge.

Action on a promissory note, and from a judgment for plaintiff one defendant appeals. The facts are fully stated in the opinion.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. John M. Bower.*

For respondent there was a brief and an oral argument by *Messrs. Thos. O'Day* and *Louis H. Tarpley.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action by Norris R. Cox against Robert Alexander, John Robertson, and G. W. Wallace, to recover

---

\*NOTE.—The following annotated cases contain a large amount of interesting reading on the subject of filling blanks and altering instruments: *Ruby* v. *Talbot,* 3 L. R. A. 724, with note concerning The Effect on Previous Parties of a Material Alteration of a Note; *Wilson* v. *Hayes,* 4 L. R. A. 196, with note on Alteration as a Fraud in Law, the effect of which will be to release the party affected; *Palmer* v. *Poor,* 6 L. R. A. 469, and *Citizens' Nat. Bank* v. *Williams,* 35 L. R. A. 464, having appended a collection of authorities on Altering Promissory Notes by Filling in Blanks: *Spanders* v. *Bagwell,* 7 L. R. A. 743, with note discussing the Effect of Material and Immaterial Alterations in Written Instruments on Both Principals and Sureties;

on a promissory note alleged to have been executed by the defendants to one Thomas O'Day, and by the latter assigned to plaintiff. The answer, after denying the material allegations of the complaint, which is in the usual form, alleges that Robertson and Wallace entered into negotiations with G. Kutschan, S. Walker, and Dave Ogilvie for the purchase of 10,500 shares of mining stock, agreeing to pay therefor $3,150, to be evidenced by the defendants' promissory note, provided Alexander would ratify and confirm such purchase, and also agreed to give a writing in the form of a promissory note, with the understanding that it should not be considered as the note of the defendants until it was ratified, confirmed, and executed by Alexander; that in pursuance of such agreement, Robertson and Wallace delivered to the persons with whom such agreement was made the following written instrument:

"$3,150.                          Portland, Or., April 18, 1893.

Ninety days after date, without grace, we, or either of us, jointly and severally promise to pay to the order of ........ three thousand one hundred and fifty dollars, for

*Burrows* v. *Klunk*, 14 Am. St. Rep. 376, with note on the General Rules of Law Applicable to Alterations of Written Instruments; *Fordyce* v. *Kosminski*, 4 Am. St. Rep. 25, with an extensive collection on What Constitutes a Material Alteration in a Written Instrument and the Effect Thereof.

The burden of proof is upon a party producing an altered note to show the legality of the instrument: *Croswell* v. *Labree*, 10 Am. St. Rep. 238; *Harris* v. *Bank of Jacksonville*, 1 Am. St. Rep. 202; *National Ulster County Bank* v. *Madden*, 11 Am. St. Rep. 633, with note; *Warder* v. *Willyard*, 24 Am. St. Rep. 253, and note. The burden of proving that a note was altered after indorsement is upon the indorser, where he relies on that fact as a defense: *Montgomery* v. *Crosthwait*, 12 L. R. A. 140. In *Wolferman* v. *Bell*, 36 Am. St. Rep. 126, the court held that an altered note is presumptively in the same condition when offered in evidence as when made: *Walton Plow Co.* v. *Campbell*, 16 L. R. A. 468, decides that a fraudulent alteration of a note secured by a chattel mortgage cancels the debt and discharges the mortgage, and carries a note collecting the opposing authorities on this question. See also *Hollingsworth* v. *Holbrook*, 20 Am. St. Rep. 411, and *Wardner & Glessner Co.* v. *Willyard*, 24 Am. St. Rep. 250.— REPORTER.

value received, with interest after date at the rate of eight per cent. per annum until paid, principal and interest payable in U. S. gold coin at ........, and in case suit or action is instituted to collect this note or any portion thereof, we or I promise to pay such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action.

(Signed)             Robertson & Alexander,
                     John Robertson.
                     G. W. Wallace."

It is then added that Alexander refused to ratify or confirm the purchase, or to execute or deliver said note, and the persons with whom said contract was made failed to deliver the stock, and the said negotiations were terminated; that subsequently, without authority or consideration therefor, the persons to whom said writing had been delivered caused it to be perfected in the form of a promissory note, and indorsed to plaintiff for collection, who brought this action thereon. "And for a further and separate defense to plaintiff's complaint, defendants allege: That there never was any value or consideration passed from Thomas O'Day or any one to these defendants for said note, and the same came into the hands of said O'Day wholly without consideration, and the plaintiff, at the time the same was indorsed and transferred to him, had notice and knowledge that the same was wholly without consideration." The reply having put in issue the allegations of new matter contained in the answer, except the separate defense above quoted, a trial was had, resulting in a verdict for the amount due on the note only; and upon the issue of attorney's fee the court found that $250 was a reasonable sum therefor, and gave judgment on the verdict, and also for such attorney's fee, from which the defendant Alexander appeals.

1. The plaintiff's counsel moves to dismiss the appeal, contending that the note upon which the action is founded having been signed by the firm of Robertson & Alexander was a joint obligation upon which the court rendered a joint judgment, and, this being so, there is such a unity of interest between the members of said firm as to bar an appeal by Alexander alone. It appears from the complaint that the defendants John Robertson and Robert Alexander are co-partners, doing business under the firm name of Robertson & Alexander, and that the note in question is a joint and several obligation, and all the defendants having appeared in the action, the court, observing the provisions of the statute, very properly rendered judgment against each and all of them: Hill's Code, §§ 60 and 245.* Section 536 of the Code provides that any party to an action or suit against whom a final judgment or decree has been rendered, other than a judgment or decree given by confession or for want of an answer, may appeal therefrom; and Mr. Black, in his work on Judgments (Vol. 1, § 237), in speaking of the validity of the judgments rendered against partners, some of whom had not been served with process, says: "In those states, however, where the 'joint debtors acts' are in force, if not all the partners are served with process, still a judgment may be rendered against the firm, to be enforced against the partnership property and the individual property of the partners served." In *Simpson* v. *Prather*, 5 Or. 86, it is

*Section 60 of Hill's Code, so far as here applicable, reads as follows: "When the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows:   *   *   *   (3) If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any of them alone."

Section 245 reads: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, whenever a several judgment is proper, leaving the action to proceed against the others."—Reporter.

held that a judgment against one party only, jointly and severally bound with others, was strictly in accordance with the terms fixed by such party in the written instrument which was the foundation of the action. To the same effect, see also *Sears* v. *McGrew*, 10 Or. 48; *Hamm* v. *Basche*, 22 Or. 513 (30 Pac. 501). In *Estis* v. *Trabue*, 128 U. S. 225 (9 Sup. Ct. 59), Mr. Justice BLATCHFORD, in commenting upon a writ of error taken out in the name of a firm as plaintiffs in error, without indicating in such writ the individuals composing the firm, says: "It is well settled that this court cannot take jurisdiction of a writ of error which describes the parties by the name of a firm, or which designates some of the parties by the expression of '& Co.,' or the expression 'and others,' or any other way than by their individual names." The individual name of the appellant having been stated in the pleadings, and the judgment being several, the record discloses that the appeal was perfected by one having a substantial interest in the controversy, which will be affected by the judgment on appeal, and, having filed a transcript of the cause, this court has jurisdiction thereof.

As another ground for the dismissal of the appeal, plaintiff's counsel maintains that the printed abstract does not comply with the rules of this court, in that it does not affirmatively show on its face that the trial court committed any error. Rule 4 (24 Or. 595, 37 Pac. 6) makes it incumbent upon the appellant to serve upon the attorney for each respondent a printed copy of so much of the transcript as may be necessary to a full understanding of the question presented for decision. The abstract so served in this case states the general nature and substance of the pleadings, and contains a copy of the further and separate defense to the complaint; but, because copies of the entire pleadings are not embraced therein, it is insisted that the appellant has not complied with said rule. The .

plaintiff having failed to reply to the further and separate defense, the defendants moved for a judgment on the pleadings, which, being denied, the action of the court in such ruling is sought to be reviewed. The only question involving the pleadings is as to that part of the answer to which there was no reply, a copy of which is set out in the abstract, and from this it is apparent that the appellant has furnished so much of the record in that respect as is necessary to a full understanding of the pleadings. The motion to dismiss the appeal must therefore be overruled.

2. The jury having failed to include in their verdict any allowance for the attorneys' fees provided for by the terms of the note, counsel for the appellant contends that the court had no authority to make a finding upon the issue thereon, and erred in rendering a judgment for such fees. It is settled in this State that where the parties have provided in a promissory note for the payment of a reasonable amount of attorneys' fees, such promise may be enforced in an action on the obligation: *Kimball* v. *Moir*, 15 Or. 427 (15 Pac. 669); *Bradtfeldt* v. *Cooke*, 27 Or. 194 (50 Am. St. Rep. 701, 40 Pac. 1). An issue having been joined upon the question of the reasonableness of the attorney fee demanded, the parties were entitled to a trial of that issue; but, the jury having returned a verdict for the amount due on the note only, it must be presumed that they refused to allow any sum as attorneys' fees: Hill's Code, § 776, subd. 18, providing that all matters within an issue are presumed to have been submitted to the jury, and passed upon by them. It may be conceded that the judge was better qualified than the jury to pass upon this particular issue, and this might be said, with a good deal of truth, in other cases. But it must be remembered that the right of trial by jury is dear to the American people, and, having been guaranteed by the organic law of the state (Const. Or., Art. I, § 17), the court was without

power to render a special verdict on any of the issues submitted to the jury: *Fiore* v. *Ladd*, 29 Or. 528 (46 Pac. 144). In consequence of the error of the court in this respect, the judgment must be reversed.

3.   There is, however, another question going to the cause of action, a consideration of which is deemed important. The promissory note in question, having been offered in evidence, revealed the fact that the blanks, alleged to have been left therein at the time it was signed were filled by inserting the name of "Thomas O'Day" in the first, and "office of Thomas O'Day" in the second. The court, instructing the jury upon the right of the holder of a promissory note to fill such blanks, said: "In this case the promissory note sued upon, on its face, appears to be a binding instrument. Something has been said, however, about the instrument having been made with blanks in it. When it was signed the name 'O'Day' was blank, and the place of payment was blank. Such a transaction makes no difference in the validity of the instrument, if it is delivered for a consideration. The party receiving it may put his name into the blank; he may put the name of some person to whom he transfers it, and it is then a valid instrument, and may be enforced against the parties, if there is no objection. The same may be said in reference to the place of payment, providing the blanks are filled up by some person having an interest in the instrument." The defendants excepted to that portion of the instruction which relates to the right of the holder of a promissory note, after the delivery thereof, to insert in a blank reserved for that purpose a place of payment, and their counsel contends that the insertion of the words "the office of Thomas O'Day, Portland," was a material alteration of the instrument. It is a principle of universal application that any material alteration made in a promissory note after its execution or indorsement, by one

claiming under it, without the consent of the maker and indorser, discharges the previous parties to the instrument: *Woodworth* v. *Bank of America*, 19 Johns. 391 (10 Am. Dec. 239); *Nazro* v. *Fuller*, 24 Wend. 374; *Ruby* v. *Talbott* (N. M.), 3 L. R. A. 724 (21 Pac. 72). But where a promissory note is issued with a blank for the payee's name, a bona fide holder thereof may, within a reasonable time, fill the blank by inserting his name therein, and thus give certainty to one of the essential requisites of such instruments: *Thompson* v. *Rathbun*, 18 Or. 202 (22 Pac. 837). The authority of the holder of a promissory note to supply the omissions therein, and insert his name as payee thereof, rests upon the doctrine of agency. The maker of a note, by omitting to name the payee therein, impliedly invites a bona fide holder thereof to supply the omission and give certainty to the contract; and this implied power renders a bona fide holder the agent of the . maker, and confers upon such agent authority to supply any omissions in the instrument that are not inconsistent with the terms of the contract.

In *Angle* v. *Northwest Mut. Ins. Co.*, 92 U. S. 330, Mr. Justice CLIFFORD, in commenting upon this subject, says: "Persons dealing with an agent are entitled to the same protection as if dealing with the principal, to the extent that the agent acts within the scope of his authority. Pursuant to that rule, it is settled law that where a party to a negotiable instrument intrusts it to another for use as such, with blanks not filled up, such instrument so delivered carries on its face an implied authority to complete the same by filling up the blanks; but the authority implied from the existence of the blanks would not authorize the person intrusted with the instrument to vary or alter the material terms of the instrument by erasing what is written or printed as a part of the same, nor to pervert the scope and meaning of the same by filling the blanks with

stipulations repugnant to what was plainly and clearly expressed in the instrument before it was so delivered." In *Kitchen* v. *Place*, 41 Barb. 465, it is held that the holder of a promissory note had implied authority to insert the words "Importers' and Traders' Bank" in a blank which was left in the note between the word "at" and the words "value received," all which were in the printed part of the note. Leonard, J., in deciding the cause, says: "The word 'at' implied that the blank space which succeeded it might be filled before the note should be delivered, with a designated place of payment. Had that word been erased, the same would have been complete without filling the blank. With this isolated word, the note was imperfect in its purport, until the space was filled or the word erased." In *Redlich* v. *Doll*, 54 N. Y. 234 (13 Am. Rep. 573), the holder of a promissory note inserted between the words "at" and "value received" the words "The Bull's Head Bank of New York," and negotiated it. In an action brought by the endorsee against the maker, it was claimed that this was such a material and unauthorized alteration of the instrument as to defeat the right of recovery; but it was held that the word "at" preceding a blank in the note carried upon its face an implied authority for any bona fide holder thereof to insert a place of payment. To the same effect, see also *McGrath* v. *Clark*, 56 N. Y. 34 (15 Am. Rep. 372); *Fullerton* v. *Sturges*, 4 Ohio St. 529; *Emmons* v. *Meeker*, 55 Ind. 321. It will be observed from an examination of the note in question that the word "at" therein preceded a blank in the instrument, and, this being so, any bona fide holder thereof had implied authority to insert a place of payment, and hence there was no error in the instruction complained of. But, in consequence of the error hereinbefore referred to, the judgment is reversed, and a new trial ordered.

Reversed.