## STANLEY et al. v. GREENBERG et al.

(Second Division.   Nome.   September 26, 1914.)

No. 2355.

JUSTICES OF THE PEACE ⬳152—APPEAL—PARTIES.

    A joint judgment in justice court was entered against several defendants.  One of the defendants appealed the case to the district court, under the provisions of section 1827, Comp. Laws Alaska 1913.  On motion to dismiss the appeal for want of jurisdiction, *held* that, while section 1827 provides that "either party may appeal from a judgment given in a justice's court," it does not authorize one only of several joint plaintiffs or defendants to appeal; that the phrase "either party" means either the plaintiffs or the defendants, whether joint or several; it means that either the plaintiffs or the defendants may appeal, but not one of several plaintiffs or defendants.

O. D. Cochran and G. J. Lomen, both of Nome, for plaintiffs.

  J. F. Hobbes, of Nome, and W. A. Gilmore, of Seattle, Wash., for defendants

TUCKER, District Judge.  This case is before me on a motion to dismiss the appeal on several grounds, and on a motion for judgment in the proceedings.  In my view of the case, and because the motion to dismiss involves the question of jurisdiction, that motion only need be considered.  It is contended by the opposers of the motion to dismiss that section 1827 of the Alaska Compiled Laws of 1913, which reads that either party may appeal from a judgment had in a justice's court, allows any one of the parties to the action or the judgment to appeal, irrespective of whether the judgment is joint, or joint and several.  While the term "either" is sometimes used with reference to more than one, it usually refers to one of two, and this is undoubtedly its meaning here.  The case of Burns v. Payne, 31 Or. 100, 49 Pac. 884, is not in point.  There the judgment was against the principal debtor, and then, by way of garnishee proceedings, judgment was obtained against the garnishee, and the question was whether the garnishee alone could appeal; he not having been a party to the original action or judgment.  The Oregon court decided that the gar-

nishee would have the right to appeal because, under the provisional remedy by attachment provided by its Code, the plaintiff stood in the shoes and was asserting the rights of the defendant, of the principal debtor, against the garnishee. His right of appeal was not recognized by virtue of section 2117 of Hill's Oregon Code, which is similar to section 1827 of the Alaska Code.

In Davidson v. Jennings, 27 Colo. 187, 60 Pac. 354, 48 L. R. A. 340, 83 Am. St. Rep. 49, the motion to dismiss the appeal was on the ground that the appeal was taken by only some of the parties against whom judgment was given. The court overruled the motion because of section 1085 of the Colorado Code, which provides that an appeal may be taken by any person aggrieved by a final judgment or decree. So it was in Venner v. Denver, 15 Colo. App. 495, 63 Pac. 1061. The Codes in these states provide that any person aggrieved may appeal; not that either party may appeal, as in section 1827.

In Cox v. Alexander, 30 Or. 438, 46 Pac. 794, the facts are entirely unlike the facts here; but that case was under Hill's Annotated Laws, § 536, providing that any party to a suit can appeal, as in the Colorado Code. The case of South Portland v. Munger, 36 Or. 457, 54 Pac. 814, 60 Pac. 5, was the case of tenants in common, not joint tenants, and it was held that some of them could appeal for the reason, as stated by the court, that:

"Tenants in common hold by unity of possession, but they hold several and distinct freeholds, and, under our statute, the action to recover possession of real property includes a recovery of the estate which the demandant has in it and which must be a legal estate."

It may be conceded that this is a joint judgment, and the authorities are well-nigh unanimous in holding that the appeal should, in such cases, be dismissed where only one of the plaintiffs or defendants appeals. In Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. 138, 27 L. Ed. 634, it was held that:

"A writ of error sued out by one of two or more joint defendants, without a summons and severance, or equivalent proceeding, must be dismissed."

In Brown v. Yates, 24 Okl. 231, 103 Pac. 667, it was held that:

"If, from the judgment of a justice of the peace against three defendants, one of them appeals to the county court, in his own name, without joining the others, the appeal should be dismissed."

The latter is a well-considered case, in which many authorities are cited and reasons for the rule given. See American Digest, vol. 2, p. 2135, § 1811, Appeal and Error. For these reasons, and under these authorities, I am of opinion that the motion to dismiss the appeal should be sustained.