Argued May 20; reversed June 29; mandate issued
September 27, 1937

## CHAGNOT *v.* LABBE ET AL.

(69 P. (2d) 949)

*W. B. Layton* and *W. C. Ralston*, both of Portland (Layton & Boyrie, of Portland, on the brief), for appellants.

*Ronald L. Reilly*, of Portland, for respondent.

RAND, J. This was an action to recover on a promissory note executed on July 7, 1930, and signed "Labbe Bros., By C. Henri Labbe". The note was for the sum of $12,500 and made payable to the order of the plaintiff on or before three years from the date thereof with interest thereon at the rate of 6 per cent per annum.

In his amended complaint, the plaintiff joined as defendants in the action Laura Lytle Labbe, as executrix of the estate of C. Henri Labbe, deceased, Olive T. Labbe, as executrix of the estate of Edmond Labbe, deceased, Antoine Labbe, Emma C. Labbe and Pauline Labbe, the last three being sued in their individual capacity.

All the defendants except Emma C. Labbe and Pauline Labbe were served with process and appeared and answered the complaint. Emma C. Labbe and Pauline Labbe are the widow and daughter respectively of Edward B. Labbe, deceased. He died testate in 1927 and his widow has been appointed as executrix under the will. They both reside in Los Angeles, California, and neither of them has ever been served with process

in this action, nor, except as hereinafter stated, have they, or either of them, voluntarily appeared in this action.

After the cause had been put at issue as to the three answering defendants, it was set for trial on July 2, 1936, and on that day the plaintiff and the three answering defendants appeared in person or by counsel and announced themselves ready for trial. Before proceeding with the trial, the court made and entered an order, which, in part, reads as follows:

"* * * thereupon Edw. A. Boyrie, an attorney of this Court, addressed the Court and stated in substance that he represented two defendants who had not been served with process in this case and who reside in Los Angeles, and moved the Court that the trial of the case be continued to enable him to prepare and file an answer on behalf of the said defendants, and the Court being of the opinion that the said application for continuance is without good cause, the same is hereby denied, and

"It is Ordered, That the parties herein proceed to trial before the Honorable T. E. J. Duffy, Circuit Judge for the 18th Judicial District, and now holding Court by assignment from the Supreme Court in this district."

In compliance with the order and on the same day the cause was tried to the court without a jury, but neither Emma C. Labbe nor Pauline Labbe was present or represented by counsel at the trial. Later and on August 20, 1936, on findings made by the trial judge, a judgment was given against all the defendants jointly, including both Emma and Pauline Labbe, for the amount then due and unpaid on the note. From this judgment, Emma C. Labbe and Pauline Labbe, hereinafter referred to as the appellants, have appealed.

The plaintiff contends that appellants' appearance by attorney on the morning of that day and request for a continuance amounted to a general appearance and gave the court jurisdiction to enter a judgment against them.

■ The appellants at no time were in default. On July 11, 1936, nine days after their appearance in court, they filed an answer denying that they were or ever had been members of the partnership firm of Labbe Brothers, or liable for any of the partnership debts. In the absence of proof to the contrary, these allegations must be assumed to be true. But, notwithstanding this, the trial court found that they were members of the firm and jointly liable for the payment of the note. We find no ground upon which these findings as to the appellants can be sustained. There was no evidence offered showing or tending to show who were or ever had been members of the partnership firm. In fact, the whole evidence consisted of the introduction of the note and proof of its nonpayment, and the case was tried upon the allegations of the complaint and the answers which had been previously filed by the three answering defendants. Nor was there any evidence offered upon the trial showing or tending to show what property, if any, now is or ever had been owned by the partnership.

Under the allegations of the complaint, the original partners of Labbe Brothers consisted of Antoine, John and Blaise Labbe; that Antoine died in 1904 and left his interest in the firm to John and Blaise Labbe; that they continued to carry on the said partnership business under the name of Labbe Brothers; that John died in 1905, "leaving as heirs Edmond J. Labbe, Antoine G. Labbe and C. Henri Labbe who assumed and carried on the said partnership business with the said Blaise

Labbe under the name of Labbe Brothers''; that Blaise died, leaving a son, Edward B. Labbe, who ''continued with the said heirs of John Labbe to carry on said partnership business''; that in 1927 Edward B. Labbe died, ''leaving as his heirs Emma B. Labbe and Pauline Labbe, and that thereafter the said Emma Labbe and Pauline Labbe continued to carry on the said partnership business with Edmond J. Labbe and Antoine G. Labbe, said business continuing under the firm name and style of Labbe Brothers''; that in 1901, Antoine, John and Blaise, the original three partners, executed a certain promissory note to plaintiff for the sum of $12,500, and that thereafter the note not being paid, it was renewed from time to time, the last renewal being made on July 7, 1930; that subsequent to the death of Blaise Labbe, C. Henri Labbe acted for and on behalf of said partnership as agent and trustee therefor and carried on the business of said co-partnership for all the partners therein; that during the year 1935, C. Henri Labbe died and Laura Lytle Labbe, his wife, was duly appointed as executrix under the will; and that Edmond Labbe also died in 1935 and his wife was duly appointed as executrix under his will.

The complaint further alleged that the estate of C. Henri Labbe, the estate of Edmond Labbe, Antoine Labbe, Emma Labbe and Pauline Labbe ''constitute a partnership and are engaged in the operation and management of said partnership business known as Labbe Brothers, and that no accounting or dissolution of the said partnership has ever been effected by any of the parties thereto''.

As these allegations were admitted by the answers filed by the three answering defendants, the proof of the existence of the note and its nonpayment was sufficient to establish liability upon the part of the three

answering defendants, but, since these allegations were all denied in the answer filed by the appellants, the proof offered was not sufficient to establish liability on the part of the appellants, or either of them.

Ordinarily, the death of a partner terminates the partnership as to all the members thereof. To this rule there are many exceptions. Whether upon the death of these alleged members of the partnership firm, the partnership was continued by any agreements entered into by the old partners with the heirs of those who had died, or whether the property held by these alleged partners, upon their death, under the terms of the will, continued to be partnership property and made their owners members of the firm is not established by any proof offered in the case, nor by any admission of either Emma or Pauline Labbe. Hence, the question of whether these appellants or either of them are members of the partnership firm or hold any property subject to the partnership debts has not been established by any evidence in this case.

The contention that the appearance in open court on the morning of the trial of Mr. Boyrie as attorney for the appellants was a general appearance and not a special appearance, we think, should be sustained since at the time he asked the court to continue the case so that these appellants, who had not been served with summons but had been named as defendants in the action, could answer and be permitted to defend. The general rule is that an appearance for any purpose other than to question the jurisdiction of the court is general: 2 Ency., Plead. & Prac. 632. And such, we think, is the rule in this state. In *Belknap v. Charlton*, 25 Or. 41 (34 P. 758), the court said:

"* * * A defendant may appear and submit himself to the jurisdiction of the court in many ways,

without either answering, demurring, or giving plaintiff written notice of his appearance. He may do this by appearing in person, or by attorney in open court, by attacking the complaint by motion, or by an application for a continuance, and in many other ways which will readily suggest themselves to one familiar with the course of judicial proceedings. * * *

"* * * where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special purpose or not * * * If he asks the court to adjudicate upon some question affecting the merits of the controversy, or for some relief which presupposes jurisdiction of the person, and which can be granted only after jurisdiction is acquired, he will be deemed to have made a general appearance, and to have submitted himself to the jurisdiction of the court, and cannot, by any act of his, limit his appearance to a special purpose. But, if granting the relief asked would be consistent with a want of jurisdiction over the person, he may appear for a special purpose without submitting himself to the jurisdiction of the court for any other purpose."

See also *Spores v. Maude*, 81 Or. 11 (158 P. 169); *Zobel v. Zobel*, 151 Cal. 98 (90 P. 191). In the latter case, the court said:

"* * * It is difficult to perceive how the application of the defendant for a continuance of the hearing could operate other than as a personal appearance in the case. He was invoking the action of the court in his behalf, and that his application was unsuccessful was immaterial as far as his voluntary appearance therein was concerned. He could not consistently apply for the relief asked on any other theory than that he was submitting himself to the general jurisdiction of the court in the action. While the application made by

him for a continuance was oral, this could not affect the question of its constituting an appearance. Had a written motion in that behalf been made based on affidavits, no question could possibly arise but that it constituted a personal appearance in the action, and the fact that it was made orally only rendered the method of appearance different; it did not affect the fact that it was an appearance. * * *

"The rule that the appearance is general applies in all cases where some action or relief is applied for, and it is just as effectually made when the appearance is to make application for a continuance or postponement of some matter pending before the court, as when invoking the action of the court in other matters concededly constituting an appearance. In Honeycutt v. Nyquist, 12 Wyo. 183, 109 Am. St. Rep. 975, 74 P. 90, it is said: 'It has frequently been held, and we think it is the recognized rule, that a request for a continuance of a cause or an agreement to that effect, either orally in open court or by a writing filed in the cause, operates as a voluntary appearance.' "

█ Under the statute (section 1-517, Oregon Code 1930) the voluntary appearance of a defendant in court is equivalent to personal service of summons upon him and, had such service been made on the morning of the day of the trial, the appellants would have been entitled to answer the complaint at any time within 10 days thereafter and this, the record shows, was done and, in their answer, the appellants denied that they were members of the partnership firm of Labbe Brothers or liable for the payment of the note. Having denied their liability, this cast upon the plaintiff the burden of establishing such liability by a preponderance of the evidence: *Hamm v. Basche*, 22 Or. 513, 518 (30 P. 501). Consequently, the entry of a judgment against them on the note sued on, after they had answered and when they were not in default, without affording them any op-

portunity to be heard on the issues raised by their answer deprived them of their day in court and was as to them reversible error.

■■ The provisions of section 1-515, Oregon Code 1930, upon which plaintiff relies to sustain the judgment, do not obviate the error. That section provides:

"When the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows:

1. If the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendant served, and if they are subject to arrest, against the persons of the defendants served; or,

2. If the action be against the defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants;

3. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant, or defendants, if the action had been against them, or any of them alone."

Before that statute can apply so as to entitle the court to enter a judgment in a joint action against a defendant not served, it must be established that the obligation sued on is a joint obligation of all the defendants against whom the judgment is entered and, in the absence of such proof, the court has no authority to enter a judgment against a defendant not served. As said in 1 Freeman on Judgments, 5 Ed., section 107, under a statute such as this the obligation sued on must be the joint obligation of all the defendants. Consequently, it must be proved to be such as against all the

defendants including those not served. This conforms to the rule announced in *Hamm v. Basche,* supra, above referred to. In the instant case, the reason for enforcing the rule is much stronger than if the appellants had been personally served with summons and had made default, for, as stated, by their answer they denied that they were liable for the payment of the note.

For these reasons, the judgment appealed from, insofar as it affects these two appellants, will be reversed and the cause will be remanded to the court below for such further proceedings as are not inconsistent herewith.

BELT and CAMPBELL, JJ., not sitting.

———

BAILEY, J. (specially concurring). The only real question involved on this appeal, as I view the case, is whether the circuit court committed error in refusing to postpone the trial of the cause in order to permit defendants and appellants, Emma C. Labbe and Pauline Labbe, to file an answer to the amended complaint.

All the defendants who had been served with summons appeared and filed a joint answer, in which it was admitted that the partnership of Labbe Brothers, on July 7, 1930, when the note in question was executed, consisted of Edmond J. Labbe, Antoine G. Labbe, C. Henri Labbe, Emma C. Labbe and Pauline Labbe; that the note in suit was executed on behalf of the partnership by C. Henri Labbe; and that it was given for a valuable consideration.

The case was set for trial on July 2, 1936, and the hearing had on that day. Although counsel for the defendants Emma C. Labbe and Pauline Labbe then came into court and asked for a continuance, the answer of

those defendants · was · not· tendered for filing until July 11. Therefore, there ·was nothing before the cir- · cuit court at the time of the trial which necessitated the introduction of testimony as to the members composing the partnership or the liability of the partnership for the note which formed the basis of the action. The judgment which was rendered in the case is not, in my opinion, a joint judgment against all the defendants. So far as it affects the appellants it is "to be satisfied out of the joint property of the defendants herein".

Had there been no appearance on behalf of Emma C. Labbe and Pauline Labbe, the allegations of the amended complaint, together with the admissions contained in the answer of the defendants who had been served, both of which pleadings were properly verified, would have been sufficient to sustain the judgment in the instant case without the introduction of testimony as to those matters which were admitted. I am unable to conceive how the introduction of testimony in such an instance would have altered the effect of the admissions made by the answering defendants so far as concerned the liability of these appellants or the property liable to satisfaction of the judgment.

When the defendants Emma C. Labbe and Pauline Labbe appeared by counsel in open court and requested a postponement of the trial of the case for 10 days in order that they might be given opportunity to file · an answer, the remaining defendants had all appeared and had admitted the material allegations of the amended complaint. By their answer they did not put the plaintiff on his proof as to the existence of the partnership or the liability of the partnership as to the note which was the basis of the action. They

could not be said in any way to be representing the defendants Emma C. Labbe and Pauline Labbe. The latter two defendants could not have been said to be in default when the case was called for trial, as they had not been personally served with summons and complaint. In view of these facts, it was, in my opinion, an abuse of discretion on the part of the trial court to refuse to postpone the trial of the case and permit them to file an answer.