GOLDSMITH *et al. v.* HOLMES *et al.*

*(Circuit Court, D. Oregon.  November 5, 1888.)*

**1. NEGOTIABLE INSTRUMENTS—ACTIONS—EVIDENCE—PAROL—RELATIONSHIP OF PARTIES.**
　　The true relation of parties to a negotiable instrument may, as between themselves, be proven by parol, whenever it is necessary to a correct determination of the right or liability of either of them thereon; and this may be done to enable a party to such an instrument to maintain an action thereon in the United States circuit court.[1]

**2. SAME—COURTS—FEDERAL JURISDICTION.**
　　W. F. Owens, wishing to borrow $10,000 of the plaintiffs, offered to give a note therefor, with the defendants as security; and, the plaintiffs consenting, he delivered them a note for the amount, signed by the defendants and payable to his order, which he at the same time indorsed, and also subscribed a waiver of notice and protest written thereon, and received the amount to his

---

[1] On the admissibility of parol evidence to explain signatures to and indorsements of negotiable instruments, see Harrison v. Morrison, (Minn.) 40 N. W. Rep. 66, and note; First Nat. Bank v. Gaines, (Ky.) 9 S. W. Rep. 396, and note; Kulenkamp v. Groff, (Mich.) 40 N. W. Rep. 57.

own use. The note not being paid when due, the plaintiffs brought this action against the defendants to recover the amount thereof. The defendants demur to the complaint for want of jurisdiction in the court. *Held,* that the plaintiffs are the payees. and not the assignees, of the note; and that there never was any assignment thereof, within the restriction on the jurisdiction of this court over an action to recover the contents of a promissory note contained in the last clause of section 1 of the judiciary act of 1887, (24 St. 553.)

*(Syllabus by the Court.)*

At Law. On demurrer.

Action brought by L. Goldsmith and Max Goldsmith against M. B. Holmes, John Dillard, and R. Phipps on a promissory note. Defendants demur.

*Lewis B. Cox,* for plaintiffs.
*Parish L. Wills,* for defendants.

DEADY, J. This action is brought by the plaintiffs, citizens of New York, against the defendants, citizens of Oregon, to recover the contents of a promissory note made by the latter for $10,000.

It is alleged in the complaint that on or about August 1, 1886, W. F. Owens applied to the plaintiffs for a loan of $10,000, and offered to give therefor a promissory note, with such additional parties thereto as should be approved by the plaintiffs, to which application, on the condition stated, the plaintiffs acceded; that thereupon, on August 9, 1886, Owens procured the defendants to "execute" and deliver to him a promissory note for that sum, payable, with interest, in six months, to his order, and signed by them as makers; that thereafter Owens indorsed said note by writing his name in blank thereon, and at the same time subscribed his name to the following indorsement thereon, "For value received I hereby waive, on the within, demand, notice, and protest," and delivered the same to the plaintiffs as security for the payment of the proposed loan, whereupon the plaintiffs accepted said note, and advanced thereon, to Owens, the sum of $10,000; that the defendants "executed" said note for the accommodation of Owens, to enable him to procure said loan thereon, and not otherwise, and the latter was in fact the maker of said note to the plaintiffs, and never had any cause of action thereon against the defendants; and that said note is wholly unpaid.

The defendants demur to the complaint, for that (1) the court has no jurisdiction of the subject of the action, nor the persons of the defendants therein; and (2) the facts stated do not constitute a cause of action.

On the argument of the demurrer counsel for the defendants relied solely on the point that under section 1 of the act of 1887 (24 St. 553) this court has no jurisdiction of this action to recover the contents of the note in question, because an action could not have been maintained herein for such purpose "if no assignment or transfer" thereof had been made to them.

It is admitted that Owens is dead, and that in his life-time he was a citizen of Oregon; and that, the complaint being silent as to his citizenship, he must, for the purposes of this demurrer, be presumed to have

been a citizen of Oregon at the time of the delivery of the note to the plaintiffs. See *Morgan* v. *Gay*, 19 Wall. 81.

On the facts stated in the complaint, counsel for the plaintiffs contend that the case is not within the purview of the statute; that Owens was not the assignor of this note, but a joint maker with the defendants; that the plaintiffs are, in point of fact, the payees of the note, and the first holders of the same, for value; and that it was first put in circulation when delivered to them, and has never been assigned to any one.

The plain purpose of the statute is to prevent the holder of a promissory note or other chose in action, who, by reason of the citizenship of the parties thereto, cannot sue those liable to him thereon in the United State circuit court, from assigning or transferring the same to some one who can do so.

The note had no existence as a legal obligation until it was delivered to the plaintiffs. Prior to that it was but an inchoate instrument, which could only become binding by passing into the hands of a *bona fide* holder for value. *Brummel* v. *Enders*, 18 Grat. 894.

It was made by the defendants for the accommodation of Owens, and until he wrote his name on it, and delivered it to the plaintiffs, no one was liable on it, or could maintain an action thereon. It was in fact Owens' own note, with these defendants as his co-makers and sureties, on which he borrowed the money of the plaintiffs, and of which he was to all intents and purposes the maker.

Although an indorser in form, the law regards him as a maker; and therefore the holder of the instrument was not bound to give Owens notice of the non-payment thereof by the defendants, even if he had not expressly waived the same. 2 Daniel, Neg. Inst. § 1085.

The true relations between the parties to a negotiable instrument are not conclusively shown by its form; and therefore it may be proved by parol that they are otherwise. *Brummel* v. *Enders*, 18 Grat. 905; *Harris* v. *Brooks*, 21 Pick. 195; *Smith* v. *Morrill*, 54 Me. 48; *Bridge & Bank Co.* v. *Evans*, 4 Wash. C. C. 480; *Hubbard* v. *Gurney*, 64 N. Y. 457; *Sweet* v. *McAllister*, 4 Allen, 353; 1 Daniel, Neg. Inst. § 723; 2 Whart. Ev. § 1059.

For instance, it is said in the last case cited that it may be shown "that the payee or indorsee was the real principal, or that all the parties were joint principals, or some of them joint sureties;" citing *Clapp* v. *Rice*, 13 Gray, 403.

So, in this case, if Owens had paid this note when it became due, and then brought an action as payee thereof to recover the amount from the defendants, as makers of the same, they might have shown by parol the true relation between themselves and Owens; that he was in fact the principal in and maker of the note, and received the money thereon; and that they were only his sureties; and thus defeat the action.

Is there any good reason why the plaintiff may not, for the purpose of maintaining this action in this court, show that, notwithstanding the form of the note, they are in fact the payees of the same; that it has never been really assigned to any one, but was put in circulation by delivery

to them by Owens, one of the makers thereof, for money then loaned to him? I can conceive of none, nor has any been suggested in the argument.

The jurisdiction of this court is presumably a beneficial one, and therefore the law conferring it is not to be strictly construed, but rather the exception to it. The exercise of this jurisdiction tends to promote confidence and commercial intercourse between the citizens of the several states of the Union, by furnishing them a comparatively impartial tribunal wherein to adjudicate and enforce the controverted and unsatisfied claims growing out of such intercourse.

The facts showing the true relations between the parties to this note may, as between themselves, be alleged and proven by parol, for any purpose affecting either of their rights or liabilities thereon. The right of the plaintiffs "to recover the contents" of this note from the defendants by an action in this court, and the liability of the defendants therein, are among these rights and liabilities. Therefore when it is necessary, to maintain the jurisdiction of the court in such an action, to show that the plaintiff, who upon the face of a note is in form an indorsee or assignee thereof, is in fact the payee of the same, it may be done.

On the facts stated in the complaint, the plaintiffs are the payees and first holders of this note. There never was any assignment of it; and the case does not come within the restriction of the judiciary act, nor the reason of it. The demurrer is overruled.