[Filed December 3, 1889.]

# D. P. THOMPSON, RESPONDENT, *v.* JOHN H. RATHBUN, APPELLANT.

PROOFS AND ALLEGATIONS—VARIANCE.—Where the complaint alleged the defendant made, executed and delivered his promissory note to the Portland Savings Bank, a note payable to ———————— cannot be received in evidence under such allegation.

PROMISSORY NOTE—PAYEE'S NAME LEFT BLANK.—A promissory note may be issued with the payee's name left blank, which may be filled by any *bona fide* holder with his own name, which authority must be exercised within a reasonable time.

FILLING BLANK BY BONA FIDE HOLDER BEFORE RECOVERY.—*Bona fide* holder of promissory note when payee's name left blank, must make himself a party to such note by actually writing his name in the blank left for that purpose before a recovery can be had on such instrument.

APPEAL from the circuit court for Multnomah county.

This is an action founded upon the following instrument in writing.

"$5,000.          PORTLAND, OREGON, 3d Feby., 1883.

"On demand, after date, without grace, I promise to pay to the order of ———, at the office of the Portland Savings Bank, in Portland, Oregon, five thousand dollars, with interest at the rate of ten per cent. per annum until paid. Principal and interest payable in U. S. gold coin. And, in case an action is instituted to collect this note, or any portion thereof, I promise to pay five hundred dollars as attorney's fees in said action.

(Signed)          "J. H. RATHBUN."

The complaint alleges that the note declared upon was executed and delivered to Portland Savings Bank, and that said bank endorsed and delivered it to the plaintiff. The following is a copy of the indorsement on the back of said note:

"May 18, '86.  Pay to the order of D. P. Thomson, without recourse on the Portland Savings Bank.

"By H. C. STRATTON, Cashier."

During the trial, when the note was offered in evidence, the defendant objected to its introduction for the reason it was not the note described in the complaint, and for the reason that upon its face it created no liability against the defendant; but these objections were overruled and the note was received in evidence, to which ruling an exception was taken.     At the conclusion of the evidence the defendant moved for a non-suit, for the reason the plaintiff had failed to prove a case sufficient to be submitted to the court sitting as a jury; but this motion was also overruled and an exception taken.     The court found the facts substantially as alleged in the complaint, and rendered a judgment in favor of the plaintiff for the amount claimed, except the $500 as attorney's fees, from which this appeal is taken.

*J. B. Thompson* and *Richard Williams*, for Appellant.

*J. F. Watson*, for Respondent.

STRAHAN, J.—Numerous assignments of error are presented by the notice of appeal, but only such as affect the conclusions reached will be noticed in this opinion.

1.     The first objection presented is the defendant's exception to the introduction of the note above set out in evidence.     It is undoubtedly true that under the Code it is sufficient for the party to prove the substance of the issue; that is, the material and essential facts necessary for his recovery.     Ordinarily, immaterial and non-essential allegations need not be proven, but may be entirely disregarded, or treated as surplusage; but it is still true that a party must prevail upon substantially the case made in his pleadings.     He could not, under the former practice, allege one cause of action and recover on an entirely separate and distinct cause of action, nor can he do it under the Code. In this case the plaintiff described a note as his cause of action, which was executed and delivered to the Portland Savings Bank.     By this allegation is meant a note that was made payable to the Portland Savings Bank by name, or to bearer, or by some other equivalent expression by which

the Portland Savings Bank could be clearly identified as the payee. This the note offered in evidence failed to do; and this was such a departure from the plaintiff's allegations that I think the court erred in receiving the paper in evidence.

2. The other objection was equally well taken. One of the essential requisites of a promissory note is certainty as to the payee. If no payee is named, then it is a defective and incomplete writing, until some *bona fide* holder shall make it complete by the insertion of his own name as payee. There is no doubt that a promissory note may be issued with a blank for the payee's name, which may be filled by any *bona fide* holder with his own name as payee, and then it will be treated as a good promissory note, provided such authority be exercised within a reasonable time. Story on Prom. Notes, § 10; *Seay* v. *Bank*, 3 Sneed, 558; 1 Daniel, Neg. Inst. § 145; *Greenhow* v. *Boyle*, 7 Blackf. 57; 1 Pars. Bills & N. 33; 1 Rand. Com. Paper, § 183; *Close* v. *Fields*, 2 Tex. 232; *Schooler* v. *Tilden*, 71 Mo. 580; *McIntosh* v. *Lytle*, 26 Minn. 336; Story on Bills and Notes, § 54; *Adams* v. *King*, 16 Ill. 189; *Smith* v. *Johnson*, Breese, 18; *Tevis* v. *Young*, 1 Metc. (Ky.) 197; Byles on Bills, 85. And the same authorities are equally as explicit that such *bona fide* holder must make himself a party to such note by actually writing his name in the blank left for that purpose before a recovery can be had on such instrument. A few cases seem to hold that in such case the court ought to treat the instrument as though the blank were actually filled,—in other words, to treat the paper, in an action upon it, as though the name of the payee were actually inserted, when in fact it is not; and that is what we are asked to do in this case. So far as I have been able to examine the subject, the very decided weight of authority is the other way, and I think has the better reason as well. A different rule would open wide the door for all kinds of uncertainty in the use of commercial paper,—an experiment which it is not desirable to introduce. It follows that the court erred in receiving said note in evidence over the

defendant's objections, in refusing the defendant's motion for a non-suit, and in its findings of law that the plaintiff was entitled to judgment against the defendant.

The defendant's answer contained a separate defense, to which our attention was invited upon the argument; but the conclusions already indicated render it unnecessary to express any opinion on that phase of the case.

Let the judgment be reversed, and the cause remanded to the court below, with directions to sustain defendant's motion for a non-suit.