## STEEL v. RATHBUN.

*(Circuit Court, D. Oregon. May 23, 1890.)*

PROMISSORY NOTE PAYABLE IN BLANK — SUBSEQUENT HOLDER — ACTION IN FEDERAL COURT.

A promissory note, payable "to the order of ———," which was made and delivered for a valuable consideration, is, in legal effect, payable to bearer; and one who buys it from a lawful owner and holder, and afterwards fills the blank by writing his own name therein as payee, which he may lawfully do, is a "subsequent holder," within the meaning of the phrase as it is used in the act of congress defining the jurisdiction of the circuit courts of the United States, and therefore not entitled to sue in this court upon such a note, the original holder and the maker both being citizens of Oregon.

*(Syllabus by the Court.)*

At Law.

*Watson, Hume & Watson,* for plaintiff.

*R. & E. B. Williams, Chas. H. Carey,* and *J. B. Thompson,* for defendant.

HANFORD, J. The complaint in this case alleges that the plaintiff is a citizen of the state of Washington, and the defendant is a citizen of the state of Oregon; that, on the 3d of February, 1883, for a valuable consideration, the defendant made and delivered to the Portland Savings Bank, a corporation of the state of Oregon, his promissory note for $5,000, with interest at 10 per cent. per annum from date until paid, payable on demand, "to the order of ———, at the office of the Portland Savings Bank, in Portland, Oregon;" that the defendant paid the interest on said note to said Portland Savings Bank up to and including March 4, 1886, and no other payments have been made; that on November 10, 1888, the bank sold and delivered the note, for a valuable consideration,

to D. P. Thompson, who afterwards, for a valuable consideration, sold and delivered it to the plaintiff, who is now the lawful owner and holder; that, at all times prior to the purchase of said note by plaintiff, there was no payee named in said note, but there was a blank space where the payee's name should appear, which blank has been filled by insertion of plaintiff's name; and that the amount remaining unpaid and now due on said note is $6,854.33, for which sum, with interest and costs, and an attorney's fee of $250, a judgment is prayed. To this complaint the defendant has interposed a demurrer, specifying as grounds that the court has no jurisdiction of the action, and other grounds not necessary to be considered, as I hold that the court has no jurisdiction of the action, and the demurrer must be sustained on that ground.

The act of congress to determine the jurisdiction of the circuit courts of the United States, approved March 3, 1887, as corrected by the act of August 13, 1888, contains this prohibitory clause:

"Nor shall any circuit or district court have cognizance of any suit * * * to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, * * * unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

The plaintiff here contends that the case, as stated, does not come within the exception made by this clause of the statute, because the note is not by its terms payable to bearer, and it was not a complete note or chose in action until the blank therein left by the maker to be filled by insertion of the name of some person who should become the only lawful payee had been so filled, and that the note in its present condition, as a complete and perfect instrument, has not been assigned or transferred at all, and that he is the original and only party on one side of the contract evidenced by the note, and the only person who at any time could have lawfully maintained a suit upon it. In support of plaintiff's theory, the case of *Thompson* v. *Rathbun*, 22 Pac. Rep. 837, is cited, in which the supreme court of the state of Oregon has decided that the intermediate holder of this very note could not, while he held and owned it, maintain a suit upon it, for the reason that between him and the defendant, the blank being yet unfilled, there was no privity. Counsel for plaintiff also cites the case of *Goldsmith* v. *Holmes*, 13 Sawy. 526, 36 Fed. Rep. 484, in which Judge DEADY decided that where a citizen of Oregon made a negotiable note payable to the order of another citizen of Oregon, who gave no consideration for it, but indorsed it for the maker's accommodation, and merely as a surety, and then delivered it to citizens of New York, who loaned money upon it to the maker, the lenders of the money were original parties to the contract, and entitled to sue upon it in a United States circuit court. I fully assent to the correctness of the decisions in each of these cases, but I deny that either has any bearing upon the case at bar. In the case last mentioned the plaintiffs in the action, although indorsees of the note, dealt directly with the maker, by advancing the money which was the consideration for which the note was given. They

were, therefore, in fact and law, the first owners of the note, and the immediate parties on one side to the transaction, just as the plaintiff here would be if there had been but a single transaction, in which he had advanced to the defendant directly a sum of money in consideration for the giving of the note in suit. But this case is different. The Portland Savings Bank gave value for the note, and held it as owner, and received payments upon it; and, if it had sued upon it without filling the blank, no objection to the action could have been successfully urged upon the ground that there was no privity between it and the defendant. The authorities all agree that a person who receives from the maker of a note payable to "——— or bearer," and who is *bona fide* owner and holder, can maintain a suit upon it without filling the blank. 1 Rand. Com. Paper, 254. Upon principle, the rights of a primary holder of a note payable "to the order of ———," should be measured by the same rule. Such a note, in the hands of a *bona fide* holder, is a valid contract for the payment of money; and a *bona fide* purchaser acquires a complete title by the mere delivery of it into his possession. It is, in legal effect, a note payable to bearer. 1 Daniel, Neg. Inst. § 145; 1 Rand. Com. Paper, 253, 290; *Rich* v. *Starbuck*, 51 Ind. 87; *Brummel* v. *Enders*, 18 Grat. 895; *Cruchley* v. *Clarance*, 2 Maule & S. 90.

This note was once delivered to and held by the Portland Savings Bank, and the obligation created by it has been partially met by payments of interest to the bank. It has been transferred and retransferred. The plaintiff is a "subsequent holder" of it in fact. There has been no transaction between him and the defendant directly. On the contrary, all his rights as against the defendant were acquired by a contract of purchase between him and another person, who, so far as the record discloses the facts, is an entire stranger to this action. If there had been no assignment or transfer of this note, it would still be held by the Portland Savings Bank, and no action upon it could be prosecuted in this court. Therefore, by the terms of the act of congress above cited, the present action is likewise barred in this court, and must be dismissed.