[No. 4165. Decided September 15, 1902.]

I. N. BIGELOW, *Respondent,* v. M. E. BREWER *et al., Appellants.*

QUIETING TITLE — PLAINTIFF'S POSSESSION — OCCUPANCY BY INTENDING PURCHASER SUFFICIENT.

Plaintiff is entitled to maintain an action to quiet title, brought under Bal. Code, § 5521, authorizing such action by one in possession by himself or his tenant, when the evidence shows a conveyance to him by the owner, who exercises no acts of dominion over the land subsequent to such conveyance; that an intending purchaser from plaintiff went into possession thereof under an agreement of sale, and built a house thereon, and no showing was made of any possession held adversely to plaintiff (*Spithill v. Jones*, 3 Wash. 290, distinguished.)

SAME — INNOCENT PURCHASER — NOTICE OF UNRECORDED DEED.

When one in whose name the record title stands informs a subsequent grantee that the land is not hers, that she had already turned it over to another person in satisfaction of a mortgage, such subsequent grantee has sufficient notice to put him on inquiry, and is not an innocent purchaser as against the grantee in a prior unrecorded deed.

SAME — LIS PENDENS — DATE OF FILING — CONSTRUCTIVE NOTICE.

A finding that a *lis pendens* notice was recorded in the auditor's office on the date of its filing, when the evidence showed it was actually spread upon the records at a later date, would not constitute error, inasmuch as such notice, under Bal. Code, § 4887, becomes effective from the date of its filing.

SAME — INVALIDITY OF SUBSEQUENT CONVEYANCE — SUFFICIENCY OF EVIDENCE.

In an action by the holder of an unrecorded deed to quiet title against subsequent grantees, the finding of the court that a conveyance by a subsequent grantee to his grantee was of later date than it purported to be, and subsequent to the filing of a *lis pendens* notice in the action, and that it was not made in good faith nor for any consideration, will not be disturbed on appeal, where the evidence was very conflicting, in view of the fact that the trial court was better able to pass upon the weight and credibility of the testimony given by the witnesses before it.

INNOCENT PURCHASERS — ACCOMMODATION GRANTEE — BOUND BY NOTICE OF REAL PARTY.

A grantee in a deed who takes the conveyance in his own name for the accommodation of another is bound by the notice the real party in interest has of a prior unrecorded deed.

Appeal from Superior Court, King County.—Hon. THAD HUSTON, Judge. Affirmed.

*Preston & Embree,* for appellants.

*Fred Rice Rowell* and *William Welch,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was originally brought by respondent against the appellant Brewer to cancel a certain deed theretofore made to said Brewer by one Ina H.

Houghton, purporting to convey real estate in the city of
Seattle, to remove an alleged cloud created by said deed,
and to quiet respondent's title to said land. The complaint
alleges that on and prior to the 10th day of October, 1895,
said Ina H. Houghton was the owner of said real estate,
the same being described as lots 3 to 6, inclusive, in
block 2 of Crown addition to Seattle, and that on said
date for a sufficient consideration she conveyed same to
respondent, but that respondent did not have the deed
placed of record; that thereafter, on or about the 21st
day of February, 1901, said Brewer, knowing that the
said lots had been conveyed to respondent as aforesaid,
and knowing that said deed had not been recorded, did,
by false and fraudulent representations, and with the
intent to defraud respondent, procure from said Ina H.
Houghton a writing which purported to be a warranty
deed conveying said lots to said Brewer, the sole consid-
eration therefor being the sum of $30, paid to Miss
Houghton; that the reasonable market value of said lots
was $900, and said Brewer knew their value; that said
deed was procured by said Brewer with full knowledge
that Miss Houghton had no title thereto or interest there-
in, and for the purpose of attempting to cast a cloud upon
respondent's title. A *lis pendens* notice was filed at the
time the action was commenced. After the commencement
of the action, by a stipulation and order of the court
thereon, the appellants Stanchfield were made parties de-
fendant, on the ground that they claimed some interest
in the property, which they desired to have adjudicated in
the action. Thereupon the appellants Stanchfield, being
husband and wife, filed their separate answer to the com-
plaint, and the appellant Brewer did likewise. The an-
swer of appellant Brewer admits the execution of the said
deed to himself, and avers the consideration to have been

the payment of $30 cash and an agreement on his part to pay certain taxes, which were liens upon the land. Other material allegations are denied, and the value of the property is alleged to have been not greater than $600. It is further affirmatively alleged that at and for some time prior to the date of the execution of said deed the public records of King county show said Ina H. Houghton to be the owner in fee simple of said lots; that said deed was accepted in good faith and was at once recorded without any knowledge on the part of said appellant that Miss Houghton had ever conveyed the property, or that any other person claimed any interest therein. It is further alleged that before the commencement of this action, and before said appellant had any knowledge that respondent claimed any interest in said lots, said appellant, for a sufficient consideration, and by sufficient deed, conveyed the lots to the appellant Henrietta W. Stanchfield. The answer of the appellants Stanchfield contains substantially the same denials and averments which are contained in the answer of appellant Brewer, with the additional allegation that at the time of the execution of the deed by Brewer to Mrs. Stanchfield these appellants had no knowledge that said Ina H. Houghton had theretofore conveyed said property to any person other than said Brewer, and that they accepted said deed in good faith, without notice of respondent's claim to the lots. Respondent's reply to the answer of appellant Brewer denies in the main the affirmative allegations of said answer, and further avers that since the filing of the complaint respondent has been informed, and believes it to be true, and alleges it to be a fact, that appellant Brewer took the conveyance of the property described in the complaint at the request of one Alexander H. Nunn, with the understanding and agreement that whatever title or interest he acquired in the

43—29 Wash.

property he would convey to said Nunn, and that said
Nunn is the real party in interest in the defense of this
action.   The reply to the answer of the Stanchfields con-
tains substantially the same denials and averments as the
other reply, with the additional averment that the deed
from Brewer to the Stanchfields was accepted by them at
the request of said Nunn with the understanding and agree-
ment that they would convey to him whatever title or
interest they might acquire by virtue of said deed, and that
said Nunn is the real party in interest.   Under the issues
substantially as stated above the cause was tried by the
court, resulting in a decree in favor of respondent to the
effect that appellant Brewer and his grantee, appellant
Henrietta Stanchfield, shall take nothing by the instru-
ments heretofore mentioned purporting to be conveyances
of said lots; that the deeds are void, of no effect, and
are canceled and set aside; that the title to said lots is de-
creed to be in respondent, free from any cloud thereon
by reason of said deeds.   From said decree this appeal
was taken.

It is assigned as error that the court refused to grant
appellants' motion to dismiss the action on the ground
that the complaint does not state facts sufficient to consti-
tute a cause of action, and that it does not appear from
the pleadings and the evidence that the court has juris-
diction of the subject matter.   It is urged under this
assignment that the complaint does not state, and the
evidence does not show, that the respondent at the time
of the commencement of this action was in possession by
himself or tenant, or that the premises were vacant and
unoccupied.   The motion was not made until after the trial
of the case, and was directed to the evidence as well as to
the complaint.   If the evidence shows the existence of
conditions necessary to enable respondent to maintain the

action, then we think the motion should not prevail. The evidence shows that the property had, some years before the commencement of the action, been deeded to respondent by Miss Houghton, who was the owner when the deed was made; that after the conveyance Miss Houghton did not claim to be the owner, and exercised no acts of possession or dominion over the land; that some time prior to the bringing of the action respondent, entered into a contract to sell the land to one Pack, who at once prepared to build a house thereon, and later did build it. The contract for sale was not a conveyance, but an agreement to convey. The acts of respondent and of Pack holding under him were such as showed the assertion of dominion over the property, and since no one else was shown to be in possession, it follows that respondent had such possession as enabled him to maintain the action under § 5521, Bal. Code, which authorizes such an action to be brought by one in possession by himself or his tenant. · Pack may not have been a tenant, strictly so called, in the ordinary meaning of that term as applied to a lessee, but his possession was analogous to that of a lessee, since he was placed in possession by respondent, and held it for respondent as well as for himself. In *Spithill v. Jones,* 3 Wash. 290 (28 Pac. 531), cited by appellant, the court says:

"Upon the trial of the cause the court found there was no proof tending to show that plaintiff was in possession of the land in question or that the same was unoccupied by any. person."

As we have seen, there was proof here that respondent was in possession, and this case, therefore, differs in that respect from the one cited. We think the court did not err in denying the motion to dismiss.

The remaining errors assigned are based upon the evidence and upon the findings of the court thereon, and

also upon the cour·'s refusal to make certain findings. It is assigned that the court erred in its second finding of fact, which is to the effect that respondent secured title to said lots in 1895 by deed from Miss Houghton, and gave as consideration therefor the cancellation of a certain mortgage upon the property, originally given to the Dime Savings Bank, which mortgage had been assigned to respondent; and also gave the additional sum of $50 in cash. We think the above finding is fully sustained by the evidence, and we do not deem it necessary to discuss the evidence upon that subject.

It is assigned that the court erred in its fourth finding, which is as follows:

"That thereafter, on or about the 20th day of February, 1901, one A. H. Nunn with notice and knowledge of plaintiff's title to the lots above described secured from the said Ina H. Houghton a paper writing which purported to be a deed to the said above described property; that the said Ina H. Houghton was a young lady not at all versed in business matters and not understanding the nature of the instrument which she signed; and the said Nunn was a man long engaged in the real estate business, and that he represented to the said Ina H. Houghton that it was necessary for her to sign the said deed in order that a suit for the foreclosure of some taxes on the property could be settled, and paid the said Ina H. Houghton for said deed the sum of thirty ($30) dollars, well knowing that the lowest cash value of said property at the time was six hundred ($600) dollars."

We think the finding is supported by the testimony. It may be stated here that we understand it is conceded—at any rate, the evidence establishes—that Nunn, and not Brewer, is the real party in interest under the deed made by Miss Houghton to Brewer. Brewer was an office mate with Nunn, and the deed was made to him at Nunn's request; the negotiations for the deed being conducted by

Nunn, and the deed made to Brewer for Nunn's conven-
ience. It is found, as shown above, that Nunn had notice
of respondent's title when he procured the deed from Miss
Houghton to Brewer. We think the evidence shows such
to have been the fact. When he called upon the young
lady, whom the court reasonably finds, under the evidence,
was inexperienced in business affairs, he spoke to her about
these lots. She told him the property did not belong to
her, but did belong to respondent, to whom it was turned
over on a mortgage some years before, and suggested that
he go and see respondent, or write to her father, who
was in Alaska. He told her that respondent had said to
him that he knew nothing about the lots. This respondent
denies. Miss Houghton expressed surprise at the state-
ment, and he then said to her, in substance, that the lots
were about to be sold for taxes, and that a deed from her
was necessary, as she was the only one who could do any-
thing with the property. He insisted that she should
make a deed, and at first offered her no consideration, but
upon the suggestion of a lady friend who was present
afterwards offered her $20. She agreed to make the deed,
and promised to go to his office the next day, which she
did. At that time it was agreed that he should pay her
$30, which he did, and she then made the deed. The un-
paid taxes and costs amounted to less than $200, the as-
sumption of which he claims was a part of the considera-
tion, and yet he claims to have sold the lots to the Stanch-
fields on the next day for $550 cash, they also assuming
$160 of the taxes. When Miss Houghton told him that
the property was not hers, and that she had already turned
it over to respondent on a mortgage, he had sufficient no-
tice to put him on further inquiry; and, under all the
circumstances above stated, he cannot be said to be an inno-
cent purchaser, without notice of respondent's interest

in the property. The court did not err in the above find-
ing.

It is assigned that the court erred in finding that the
deed to respondent and the notice of *lis pendens* in this
action were duly recorded in the auditor's office. The evi-
dence shows that they were both *filed* for record in the
auditor's office of King county, at nine o'clock a. m., Feb-
ruary 23, 1901, and that they were afterwards spread
upon the records. While the *lis pendens* may not have
been spread upon the records at the time it was filed, yet
"from the time of the filing" it became notice of respond-
ent's claims in the property, under the terms of § 4887,
Bal. Code. The finding is only specific as to the date of
filing, and in general terms states that the instruments
were recorded. The *lis pendens* notice is the material
thing here, and it became effective from the time of filing
under the statute. There was no error in the finding.

It is assigned as error that the court found that the
deed from Brewer to Stanchfield was executed some time
after the 22d and on or before the 27th of February, 1901,
that the deed was neither made in good faith nor for any
consideration, and that the Stanchfields had constructive
notice of respondent's claim by reason of the notice of
*lis pendens*. The deed from Brewer to the Stanchfields
purports to have been executed on the 22d of February,
and the *lis pendens* notice was filed at nine o'clock on the
morning of the 23d. There is in the record the evidence
of an expert witness to the effect that the date of the certi-
ficate of acknowledgment has been changed from the 27th
to the 22d of February; that the date of the deed itself
bears some evidence of a similar change, although not so
marked as in the case of the other date, and that the date
of the cancellation of the revenue stamp has been likewise
changed. The appearance of the instrument itself, which

is before us, bears evidence to support the conclusions of
the expert witness. Mr. Nunn, however, testifies that no
change was made in the date of the deed, and that the
change in the notary's certificate was made at the time he
drew the deed, which was on the 22d; that it was first writ-
ten the 21st, and he at once discovered the mistake, and
changed the figure "1" to a figure "2." The date of its
purported execution was a legal holiday, viz., Washing-
ton's Birthday. The husband of Mrs. Stanchfield, the
grantee, testified that they hastened to make the deed on
that day because there were but a few days remaining in
which the taxes could be paid before sale. The deed was,
however, not filed for record until five days afterwards,—
February 27th. The Stanchfields did not pay the taxes,
but they were paid by respondent. One witness testified
that Mrs. Stanchfield told him that the deed was not exe-
cuted on Washington's birthday, the 22d, but was executed
on Monday. This statement she denies. Monday was the
25th of the month. It appears from the evidence that
Nunn and the Stanchfields have for a long time been
personal friends, and that Mr. Stanchfield at one time
occupied desk room in Nunn's office; that Mr. Nunn, by
the purported sale to them, was to receive a net profit
of about $500 on what had actually cost him but $30 the
day before. Nunn and the Stanchfields testified that the
deed was executed on the date it bore, and also averred the
good faith of the transaction. Mr. Stanchfield, however,
stated that they bought the property on the personal and
verbal guaranty of Nunn that he would defend any suits
involving the title. Mr. Nichols, the notary who took the
acknowledgment of the deed, was a partner of Mr. Nunn,
and Mr. Brewer, the grantor in the deed was an occupant
of Mr. Nunn's office. Neither was called to testify con-
cerning the actual date of the execution of the deed, nor

was their absence explained,—a circumstance that weighs perhaps as much against one party as the other. Respondent, however, offers the excuse that their relations with Nunn were such that he could not advisedly call them.

From the above review of the evidence it is manifest that, although the evidence ·was very conflicting, yet there was testimony upon which to base the court's finding that the deed was not executed on the 22d of February, but was executed after that date, and on or before the 27th, and also that the deed was neither made in good faith nor for any consideration. It is true respondent had for a long time neglected to file his deed for record, and this court, in *Sayward v. Thompson,* 11 Wash. 706, 710 (40 Pac. 379), quoted approvingly from *Boggs v. Varner,* 6 Watts & S. 469, as follows:

"As every presumption is in favor of the subsequent purchaser, when the former owner is guilty of neglect, his title cannot be postponed except by evidence which taints his conduct with fraud."

There was evidence bearing upon fraudulent conduct in the case at bar, which the court must have believed to sustain the finding it made. The trial court had these witnesses before him, and was better able to pass upon the weight and credibility of their testimony than we are able to do from what appears in the record. That court found the weight of the testimony to be against the appellants, and the record is not such as leads us to believe we would be justified in disturbing its finding.

We think no error was committed by the refusal of the court to make findings requested by appellants, when the court's view of the testimony is considered. The essential and material facts were found if the court properly interpreted the testimony, and for the reasons above given we are unwilling to say under the record that the court erron-

eously weighed the testimony. Appellants Stanchfield must, therefore, be held to have had at least constructive notice of respondent's claim to the property through the *lis pendens* notice at the time the deed was executed. Appellant Brewer, not being the real party in interest under the deed from Miss Houghton to him, is bound by the notice to Mr. Nunn who is the party in interest.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, DUNBAR, MOUNT, ANDERS and WHITE, JJ., concur.