[No. 4804.   Decided January 11, 1904.]

NORRIS SAFE & LOCK COMPANY, *Appellant,* v. F. LEWIS CLARK et al., *Respondents.*[1]

APPEAL AND ERROR—DECISION—MODIFICATION UPON REHEARING—CONSTRUCTION—PLEADING—NECESSITY OF AMENDMENT—DISMISSAL OF ACTION.   Where plaintiff alleged error in refusing leave to amend its complaint to show an assignment to it of the contract sued on, and in its opinion the supreme court in reversing the case at first states that the complaint is sufficient without alleging the assignment, but upon a rehearing the opinion is modified and the conclusion reached that the lower court erred in refusing to allow the amendment, and it is ordered that such leave be granted, the effect of the decision is to make the amendment essential; and upon return of the case it is proper to dismiss the action upon the plaintiff's declining to amend (Fullerton, C. J., dissenting).

SAME—TRIAL—WAIVER OF AMENDMENT—ASSIGNMENT FOR TRIAL—DISMISSAL AND NONSUIT.   In such a case the defendant's submitting to an assignment for trial when no amendment had been made is not a waiver of the right to a dismissal upon plaintiff's refusing to amend, such dismissal being equivalent to a nonsuit.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered October 29, 1902, dismissing the action upon the plaintiff's declining to amend its complaint in accordance with an opinion of the supreme court upon a former appeal.   Affirmed.

[1]Reported in 74 Pac. 1019.

*R. E. Porterfield* and *James Dawson,* for appellant.
*W. J. Thayer,* for respondents.

HADLEY, J.—This is the second appeal in this case. The former decision is reported in 28 Wash. 268, 68 Pac. 718, 70 Pac. 129. It will be observed by reference to that opinion that the issues involved the foreclosure of an alleged lien for material used in the construction of a building. A written contract to furnish the material was originally entered into between the Macneal & Urban Company and respondent F. Lewis Clark. The Macneal & Urban Company manufactured the material specified in the contract, and shipped it to the Norris Safe & Lock Company, the appellant in both this, and the former, appeal.

Appellant claims, that the Macneal & Urban Company did not furnish the material to respondent Clark; that the same was, by said company, shipped to appellant; and that the latter furnished it to said respondent. The written contract with the Macneal & Urban Company specified a definite price for the material described in it, but appellant seeks recovery for a greater sum. The amount demanded is materially greater than the amount specified in the Macneal & Urban Company contract, but it is claimed that some molding furnished was not included in the written contract, and that the extra item accounts for the difference.

Respondents dispute the right to recover any greater sum than the amount named in the original Macneal & Urban Company contract, and also contend that the goods were furnished by that company, under and in pursuance of that contract; that appellant did not furnish the material, and is not entitled to recover, or to enforce a lien, even if any sum is unpaid.

At the first trial a nonsuit was granted, and the appeal was from the judgment of nonsuit. At that trial the plaintiff asked the court for leave to amend the complaint, so as to show that it was the assignee of the Macneal & Urban Company contract. The request was denied by the court. Upon the former appeal this court decided to reverse the judgment, and, in the original opinion filed, held that, under the showing in the record, the respondents had dealt with appellant as the owner of the material, and that they therefore could not claim that appellant did not furnish it. It was further remarked:

"Under the evidence in this case touching the conduct of the respondents in dealing with the appellant in obtaining a delivery of the goods and in paying for them in part, there was no necessity for showing an assignment to the appellant of the Macneal & Urban contract, and all evidence as to this was immaterial, or at least merely explanatory."

It will thus be seen that, at the time the original opinion was prepared and filed, the court took the view that, by reason of the course of dealing between appellant and respondents, it was unnecessary to allege and prove an assignment of the Macneal & Urban Company contract, in order to entitle appellant to recover. Upon petition for rehearing, however, a short opinion was filed which follows the original one at page 277, 28 Wash. [70 Pac. 129]. In that opinion it is stated that the court had concluded to modify the original opinion. It was stated that we had concluded that the court erred in refusing to allow the amendment alleging an assignment of the Macneal & Urban Company contract, and it was ordered that such leave should be granted to appellant. Upon the return of the cause to the superior court, appellant declined to amend, and the cause was dismissed for default in making the amendment.

It is urged by appellant that it understood the order granting leave to amend was merely permissible, and not mandatory, and that it was optional with it whether it should amend or not. It is true the order was not mandatory in the sense of being an unqualified command to do a thing, but it was mandatory in the sense of saying to appellant that the amendment was material and necessary, and that if it failed to make it, the necessary consequence would follow. It is argued, that appellant could not fairly gather from the opinion on rehearing that this court intended to say the amendment was material, inasmuch as it had said in the main opinion that it was not material; that no assignment need be shown; and that all evidence upon that subject was immaterial.

It is true the language of the opinion upon rehearing is condensed, and is perhaps not as clear and comprehensive as more words might have made it; but it is first clearly and definitely stated that the court had concluded to modify the original opinion. It is manifest, from what follows, that the modification intended was not of an immaterial or unimportant nature, since it was expressly stated that the trial court erred in refusing the amendment, which act was held to be not error in the main opinion. Thus what was first held to be unimportant and immaterial was later, in effect, declared to be all-important and material to appellant's right to recover in the action. Any other view would render the language of this court futile and meaningless, upon the petition for rehearing. It would be an empty thing for an appellate court to say that a trial court erred in refusing a certain thing, and then proceed to order the doing of that thing, if it should not be of any consequential materiality when done. We think appellant should have seen, from what was said on the petition for rehearing, that the court had changed its

views upon an important feature of the case, and that averments as to the assignment of the Macneal & Urban Company contract, and evidence in support thereof, were necessary before appellant could prevail in the action.

Appellant urges, that after the return of the cause to the superior court it was assigned for trial; that the assignment was vacated at the request of respondents' counsel for his own convenience; that soon afterwards respondents moved for default because of appellant's failure to amend its complaint. It is argued that, by submitting to an assignment of the cause for trial when no amendment had been made, respondents waived the point, and could not afterwards be heard to raise it. It will be remembered, however, that this court had held that the complaint must be amended before recovery could be had. Appellant's refusal to amend was an election to stand upon the original complaint. Since the complaint, unamended, was insufficient to warrant any recovery, the trial court had the alternative of entering judgment for dismissal, upon appellant's refusal to plead further, or of proceeding to trial and granting a nonsuit. It certainly would not be urged that respondents had waived the point if the case had proceeded to a motion for nonsuit. They would undoubtedly have had the right to move for nonsuit, for failure of necessary proof or of allegations to sustain such proof. Appellant having already elected to stand upon its original complaint, it was then apparent to the court that the necessary proof to establish the right of recovery could not be received under the pleadings. The judgment for dismissal was, therefore, the equivalent of such a judgment in any case when a party whose pleading has been held insufficient has declined to plead further.

We think the court did not err, and the judgment is affirmed.

MOUNT, ANDERS, and DUNBAR, JJ., concur.

FULLERTON, C. J. (dissenting).— I am constrained to dissent from the conclusion reached in this case. In the opinion reported in the 28th Washington, this court, after a long review of the evidence, drew conclusions therefrom as follows:

"The respondents, notwithstanding they first made a contract with the Macneal & Urban Company for the same material, dealt with the appellant as the owner of the material, and by so doing received possession thereof. They cannot now claim that the appellant did not furnish the material. The material was shipped to, purchased and paid for by, the appellant. Respondents knew this. After the delivery the respondents paid the appellant all that was paid for the material, so far as the record discloses, being the greater portion of the value thereof. Under the evidence in this case touching the conduct of the respondents in dealing with the appellant in obtaining a delivery of the goods and in paying for them in part, there was no necessity for showing an assignment to the appellant of the Macneal & Urban contract, and all evidence as to this was immaterial or at least merely explanatory. Appellant is suing to recover for the reasonable value of materials that it had purchased, paid for, and delivered to the respondents, and which were received by the respondents from it, knowing that it had purchased and paid for the same, and that it looked to them for repayment. Testimony was introduced as to the reasonable value of all the material furnished. We think the respondents should be allowed to controvert the value of the material furnished."

The opinion passing on the petition for rehearing is as follows:

"On consideration of this case on petition for rehearing, we have concluded to modify the opinion filed herein, reported in 68 Pac. 718. It appears from the record that the Macneal & Urban Company assigned its contract to the Norris Safe & Lock Company. The appellant, during the

progress of the trial, offered to amend its pleadings so as to show such assignment. The court refused to allow such amendment. We think, under the circumstances of this case, the court erred in refusing to allow the amendment, and this cause is remanded for a new trial, with leave to the appellant to amend its pleadings so as to show an assignment of the contract made by the Macneal & Urban Company with F. Lewis Clark to the Norris Safe & Lock Company. And the respondents are permitted to show any defense or counterclaim to such amended complaint that they may have. The appellant to recover its costs on this appeal and the costs of the suit to abide its final determination."

It will be observed that the first quotation states, in language as plain as it is possible to employ, that the question whether there had, or had not, been an assignment of the contract from the Macneal & Urban Company to the Norris Safe & Lock Company was immaterial, because the respondents had dealt with the latter company as owners and were, therefore, estopped to assert the fact that they had purchased from another company. It will be observed, also, that the opinion on the petition for rehearing in nowise indicates any modification of these views. It is not stated that this court had erred in its first conclusion, or had in any manner changed its views concerning the necessity of an amendment to the complaint; on the contrary, it is said that the *trial court* had erred, and that the appellant was entitled to have that error corrected; the inference being that the court had not granted it all of the relief to which it was entitled.

In this connection it must be borne in mind that the court did not require the appellant to answer the petition for rehearing, and that, so far as the record shows, neither it, nor its counsel, ever saw that petition; and it cannot, therefore, be held to have read the opinion in the light of that petition. For these reasons it seems to me the appel-

lant might well have concluded that this court did not intend to hold that an amendment to the complaint was necessary before it could be permitted to prove its cause of action; and that its claim to the effect that, if it has misconstrued the opinion of this court in that respect, it has been misled to its prejudice, is well founded. It is needless to add that this court, being a court of last resort, ought, if there is the least doubt on a question of this kind, to give the complainant the benefit of that doubt.

I think the judgment should be reversed.