(No. 5629. Decided July 27, 1905.)

THE VULCAN IRON WORKS, *Respondent,* v. THE BURRELL CONSTRUCTION COMPANY, *Appellant.*[1]

PLEADINGS — VARIANCE — CONTRACTS — PARTIES — ADOPTION OF CONTRACT MADE BY ANOTHER PARTY. In an action upon a contract for the purchase price of castings, alleged to have been sold to the defendant, it is not a variance that the proof showed a contract originally entered into with defendant's president, who afterwards directed the account to be changed, where the goods were consigned to the defendant and part of the correspondence was carried on in its name; since the antecedent negotiations were unessential, and a sale to the defendant was shown.

PLEADING — AMENDMENT — ISSUES RAISED BY DENIALS — CONTRACTS — PARTIES. In an action on contract, an amendment to an answer to show that the defendant was not a party to the contract is not necessary where the issue was raised by denials.

CONTINUANCE — SURPRISE — REFUSAL OF NONSUIT — PLEADINGS — AMENDMENT. The denial of a nonsuit is not such surprise as warrants a continuance or the allowance of amendment to the pleadings.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 3, 1905, upon findings in favor of the plaintiff, in an action on contract, after a trial before the court without a jury. Affirmed.

*Graves, Palmer, Brown & Murphy,* for appellant.

*Benton Embree,* for respondent.

[1]Reported in 81 Pac. 836.

RUDKIN, J.—Some time prior to the 23d day of July, 1903, the plaintiff in this action offered to furnish certain ironwork, with shafting and other appliances, for the construction of a drawbridge, at the agreed price of $802, and on the above date this offer was accepted in writing, the acceptance being signed by Alfred W. Burrell. It was later discovered that certain of the castings should be made of steel instead of iron, and that the same could not be furnished at the price agreed upon. Thereupon, on the 2d day of November, 1903, it was orally agreed that the plaintiff should receive, in addition to the $802 theretofore agreed upon, the difference in price between the cost of iron and steel, which should not, however, exceed four and three-fourths cents per pound, and on said date this offer was accepted in writing. The acceptance was on a letter head of the Burrell Construction Company, but was signed by Alfred W. Burrell. The plaintiff contends that this contract was entered into for and on behalf of the Burrell Construction Company, through Alfred W. Burrell, its president and manager. The defendant, on the other hand, claims that it was the individual contract of Alfred W. Burrell. On November 5, 1903, or three days after the acceptance of the modified offer, and before anything was done under it, the plaintiff received the following communication from A. W. Burrell:

"Seattle, Wash., Nov. 5, 1903.
"Vulcan Iron Works, Seattle, Wash.
"Gentlemen: Please change the account of A. W. Burrell to Burrell Construction Company, and hereafter keep accounts and render bills in that name. Yours very truly, A. W. Burrell."

During the progress of the work, bills seem to have been rendered to A. W. Burrell and to the Burrell Construction Company. The goods were consigned to the Burrell Construction Company, at San Francisco, and some communications to the plaintiff in regard to the goods were signed by A. W. Burrell, and others by the Burrell Construction Com-

pany. No question seems to have arisen as to the parties to the contract prior to the commencement of this action.

This action was brought against the Burrell Construction Company, to recover the contract price and the price of certain extras. The case was tried before the court without a jury. The court found that the contract entered into on the 2d day of November, 1903, was between the plaintiff and the Burrell Construction Company, and that said contract was fully performed by the plaintiff, and entered judgment for the contract price, together with the price of certain extras. The defendant appeals from that judgment.

As stated above, the court found that the original contract was between the respondent and the Burrell Construction Company, appellant. Whether the court was of opinion that the original contract was entered into by A. W. Burrell on behalf of the Burrell Construction Company, or that the contract became the obligation of the Burrell Construction Company by reason of the order of November 5, above referred to, and the subsequent conduct of the parties, does not appear. However we might view the contract, considered only with reference to what transpired prior to the 2d day of November, 1903, the evidence sufficiently shows that the contract became the obligation of the Burrell Construction Company by reference to what took place after that date. If the court below was correct in its finding that the contract of November 2, 1903, was the contract of the Burrell Construction Company, there is no foundation for the contention of appellant that there is a variance between the complaint and the proof offered to sustain it.

The appellant contends, however, that the proof shows, at most, that the contract between the respondent and Alfred W. Burrell was afterwards adopted by the respondent and the Burrell Construction Company, and that therefore such variance does exist. Undoubtedly, an allegation that a contract was entered into between a plaintiff and a defendant is

not sustained by proof that the contract was entered into between the defendant and a third person and thereafter assigned to the plaintiff. Such were the cases of *Norris Safe & Lock Co. v. Clark,* 28 Wash. 268, 68 Pac. 718, 70 Pac. 129; *Dennis v. Spencer,* 45 Minn. 250, 47 N. W. 795; *Thompson v. Rathbun,* 18 Ore. 202, 22 Pac. 837, and others cited by the appellant. We do not think that these cases are in point here. This was, in substance and effect, an action to recover the purchase price of goods sold and delivered. The court was justified in its conclusion that the goods were sold by the respondent to the appellant. It only became necessary to refer to the prior contract to fix the amount of the purchase price. There was no assignment of the contract from Alfred W. Burrell to the Burrell Construction Company. The most that can be claimed is that the respondent and the Burrell Construction Company adopted, as their own, a contract theretofore entered into between the respondent and Alfred W. Burrell. We see no reason why the respondent should have set forth in its complaint the antecedent negotiations which led up to the adoption of this contract. If there was a variance at all, which we do not concede, the variance was immaterial, not prejudicial, and should therefore be disregarded.

The appellant further insists that it should have been allowed to amend its answer. The first offer to amend was for the purpose of showing that the Burrell Construction Company was not a party to the contract in suit, and had no interest therein. This issue was already presented by the denials in the answer, and an amendment for that purpose was neither necessary nor proper. Again, at the close of the respondent's case, an application was made for a continuance, on the ground that Mr. Burrell was a commissioner from the state of California to the St. Louis Fair, and it was incumbent on him to leave Seattle that night. Coupled with this was an application to amend the answer, setting up counterclaims aggregating the sum of $1,641, arising out of the

failure of respondent to comply with its contract. This application was not based upon the ground of surprise, but, in the language of counsel, "under the views your honor has taken of a nonsuit." The surprise which follows a ruling of the court denying a motion for nonsuit is not such surprise as warrants, or requires, the granting of a continuance, or the allowance of an amendment to the pleadings. Parties are ordinarily bound to anticipate the ruling of the court on motions for nonsuit, especially where the ruling is in accordance with the law. There was no material variance between the allegations of the complaint and the proof offered in their support, there was no error in denying the motion for a continuance, or the application to amend the answer, and, inasmuch as these are the only errors assigned, the judgment must be affirmed, and it is so ordered.

MOUNT, C. J., FULLERTON, HADLEY, and CROW, JJ., concur.

ROOT, J., having been of counsel, took no part.